Klein *v.* Allegheny County Health Department
et al., Appellants.

Argued March 24, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*James Victor Voss,* Assistant County Solicitor, with him *Francis A. Barry,* First Assistant County Solicitor, and *Maurice Louik,* County Solicitor, for appellants.

*Eugene B. Strassburger, III,* Assistant City Solicitor, and *Ralph Lynch, Jr.,* City Solicitor, for City of Pittsburgh, amicus curiae.

*Alan Berman, T. A. Matthews* and *C. H. Baron,* with them *Stanley J. Shapiro* and *Harold I. Goodman,* for amicus curiae.

OPINION BY MR. JUSTICE COHEN, October 9, 1970:

In this appeal we are called upon to construe Pennsylvania's Rent Withholding Act, Act of January 24, 1966, P. L. (1965) 1534, §1, as amended, 35 P.S. §1700-1 (Supp. 1970).

Since September, 1966, Louise Brunson (tenant) has occupied one of six apartments in a building at 2505 Fifth Avenue, Pittsburgh, owned by appellee, Stanley Klein t/a/d/b/a Mutual Real Estate Company (landlord). On June 20, 1968, pursuant to the Rent Withholding Act, the Allegheny County Health Department certified the premises as unfit for human habitation, and tenant began depositing her rental payments in an escrow account. During the initial six month period (June 20-December 20, 1968), tenant paid $360 in escrow and landlord spent $1700 for repairs to the whole apartment house. On or about December 20, 1968 the premises were again inspected and again certified as unfit for human habitation, and tenant continued depositing the rental payments in the escrow account.

On March 24, 1969 landlord filed a petition in the Court of Common Pleas of Allegheny County for a rule to show cause why the total amount on deposit in escrow should not be paid to him. After an answer was filed, the lower court entered an order discharging the rule and directing that the money on deposit be returned to tenant. Landlord appealed to the Superior Court on the theory that he was entitled (a) to the monies deposited during the initial six month period because an owner is entitled to reimbursement dollar for dollar out of the escrow fund for any repairs made even though the premises were still classified as unfit for human habitation and (b) to the monies deposited subsequent

to the end of the first six month period because the Act provides for payment in escrow for only one six month period. The Superior Court held, 216 Pa. Superior Ct. 50, 261 A. 2d 619 (1969), as to (a) that there could be no reimbursement until the premises were classified as fit for human habitation and as to (b) that the Act did provide for only one six month withholding period. It affirmed that part of the lower court's order which dismissed landlord's petition and reversed that part which ordered the return of the funds to tenant. It stated that its decision was limited to landlord's right to recover under the Rent Withholding Act and was without prejudice to either party to recover the fund from the escrow agent by proper, legal action.

Tenant filed a Petition for Allowance of Appeal (which we granted) in which she alleged that the Superior Court erred in holding that if a dwelling were certified as unfit for human habitation and the tenant made use of the Rent Withholding Act's escrow provisions for six months the tenant could not make use of these provisions after those six months were over notwithstanding that the dwelling was still certified as unfit. We have before us only the issue raised by tenant.[1]

In relevant part the Rent Withholding Act[2] states: Sentence 1. "Notwithstanding any other provision of law, or of any agreement, whether oral or in writing, whenever the [appropriate agency] . . ., certifies a

---

[1]The Superior Court's decision as to escrow funds for the initial six month period was also adverse to tenant in that it reversed the lower court's order awarding her that money. We shall discuss this below.

[2]For general discussions of this Act see Clough, Pennsylvania's Rent Withholding Law, 73 Dick. L. Rev. 583 (1968-69) ; Note, Rent Withholding in Pennsylvania, 30 U. Pitt. L. Rev. 148 (1968) ; Comment, Substandard Housing: The New Pennsylvania Rent Withholding Act As A Solution, 5 Duq. L. Rev. 413 (1966-67).

dwelling as unfit for human habitation, the duty of any tenant of such dwelling to pay, and the right of the landlord to collect rent shall be suspended without affecting any other terms or conditions of the landlord-tenant relationship, until the dwelling is certified as fit for human habitation or until the tenancy is terminated for any reason other than nonpayment of rent. Sentence 2. During any period when the duty to pay rent is suspended and the tenant continues to occupy the dwelling, the rent withheld shall be deposited by the tenant in an escrow account in a bank or trust company . . . and shall be paid to the landlord when the dwelling is certified as fit for human habitation at any time within six months from the date on which the dwelling was certified as unfit for human habitation. Sentence 3. If, at the end of six months after the certification of a dwelling as unfit for human habitation, such dwelling has not been certified as fit for human habitation, any moneys deposited in escrow on account of continued occupancy shall be payable to the depositor, except that any funds deposited in escrow may be used, for the purpose of making such dwelling fit for human habitation and for the payment of utility services for which the landlord is obligated but which he refuses or is unable to pay. Sentence 4. No tenant shall be evicted for any reason whatsoever while rent is deposited in escrow." In *National Council of the Junior Order of United American Mechanics v. Roberson,* 214 Pa. Superior Ct. 9, 18, 248 A. 2d 861 (1969), the Superior Court held: "We find nothing in the Act which provides for a continuation of the privilege of the tenant to pay his rent into the escrow account or to occupy the premises beyond the six month period set forth in the Act. We are, therefore, constrained to conclude that the final provision of the Act, 'No tenant shall be evicted for any reason whatsoever while rent is deposited in escrow,' is applicable only during that six

month period, and not thereafter." It felt the statute was penal and should be strictly construed. In its opinion in this action, the Superior Court stated that it was unreasonable to interpret the Act so as to permit a tenant to withhold for more than six months and that it did not think the legislature intended such a result. See also *National Council of the Junior Order of United American Mechanics v. Allegheny County Health Department*, 216 Pa. Superior Ct. 37, 261 A. 2d 616 (1969).

It is necessary for us to examine carefully the specific wording of the statute. Sentence 1 sets forth in broad terms the rights of the tenant. It states that when the appropriate agency has certified a dwelling as unfit for human habitation the duty of the tenant to pay rent is suspended *until the dwelling is certified as fit.* No time limit at all is attached to this provision. In unmistakable, explicit language the Act says that the tenant's duty to pay rent is suspended until the agency has certified the dwelling as fit. The first part of Sentence 2 provides for the payment of rent in an escrow account during any period when the duty to pay rent is suspended.

It is Sentence 3 and the latter part of Sentence 2 that have produced this litigation. The Superior Court has interpreted them to say that rent may be withheld for only six months after the original certification of unfitness and that after those six months that particular dwelling is insulated from any further withholding regardless of its condition. We do not so read those words. It must be remembered that Sentences 2 and 3 are only designed to effectuate the purpose stated in Sentence 1 and in no way to detract from it. There is no question that if the dwelling is certified as fit at any time during the six months subsequent to initial unfitness certification the landlord is entitled to the money in the escrow account. It is the expectation of the Act

(and certainly a reasonable one) that if the premises have not been certified as fit prior to the expiration of the original six months at that six month date either the landlord or the tenant or both will come forward and claim the funds in the escrow account. That claim (or those claims) will require the appropriate agency to reinspect, and unless the premises are certified as fit, there would be generated under Sentence 3 another six months withholding period.[3] This procedure will be repeated at each six month interval. "Certification" (the tenth word in Sentence 3) and "certified" (the sixth word from the end of Sentence 2) refer not only to the original certification but also to the certification that takes place at the end of each six month period. Therefore, under the clear wording of the Act, there is to be not only one six month withholding period but as many periods as are necessary "until the dwelling is certified as fit for human habitation."

This interpretation of the Act is given support by the object the legislature was clearly trying to achieve. In *Reitmeyer v. Sprecher,* 431 Pa. 284, 289-90, 243 A. 2d 395 (1968), we recognized that a severe housing shortage exists in many parts of the Commonwealth and that much of what housing does exist is in very poor condition.[4] The legislature was obviously attempting to improve this situation by giving tenants the power to put pressure on landlords to repair delapidated, unsafe dwellings. The effectiveness of this Act

_____

[3] It may be that the escrow agent or appropriate governmental agency will move to have the funds paid to the landlord, the depositor, or directly for repairs or utility services. We do not decide in this action who has the power to order funds used for repairs or utility services, but we merely recognize that a petition by the escrow or local agency (like that by the landlord or depositor) will require reinspection and recertification.

[4] See Comay, The City of Pittsburgh Housing Court, 30 U. Pitt. L. Rev. 459 (1969).

would be severely hampered if we were to interpret it as the Superior Court did. A landlord would have little incentive to improve a dwelling if the costs of improvement exceeded the total of six months rent and he knew that after those six months the dwelling would be insulated from any further withholding. When the legislature amended the Act in 1967 to reduce the length of the periods from one year to six months, it did so not to decrease the pressure that could be put on landlords but rather to increase the incentive to repair by cutting in half the time within which a landlord could make the necessary repairs and still recover the escrow fund. We will not interpret the Act so as to frustrate the obvious legislative purpose.

The Superior Court felt and landlord argues that this is a penal statute and as such should be strictly construed: Act of May 28, 1937, P. L. 1019, art. IV, §58, 46 P.S. §558. Even assuming that this statute is penal and subject to strict construction, "[s]trict construction does not require, however, that a statute be construed as narrowly as possible, or that it be construed so literally and without common sense that its obvious intent is frustrated." *Pittsburgh School District Condemnation Case,* 430 Pa. 566, 570, 244 A. 2d 42 (1968). The interpretation we have given this statute is in accordance with its literal wording and in furtherance of the clear legislative intent.

As to the moneys deposited in escrow, both prior to and after the expiration of the initial six month period, the Superior Court affirmed the lower court's order dismissing the landlord's petition and reversed the order returning the funds to tenant. It stated that its order was limited to landlord's right to recover under the Rent Withholding Act and was without prejudice to either party to proceed in a later action. As the order reversing the lower court's award to tenant of the escrow fund for the initial six months was adverse to

tenant, we face it upon review. We affirm that part of the Superior Court's order because tenant has made no claim to that fund. This order, however, is without prejudice to her petitioning in the future for return of that money. As the Superior Court erred in construing the Rent Withholding Act not to be in effect subsequent to six months after the original unfitness certification, we vacate its order as to the escrow fund for the second six month period. Again, this is without prejudice to tenant's proceeding in the future to recover the money deposited during the second six month period.

The order of the Superior Court is affirmed in part and vacated in part.

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:
I dissent.
I would affirm the Order of the Superior Court.