Debra Palmer, a Minor, by her Guardian and next Friend, Jocelyn Lampman, *v.* Allegheny County Health Department. Debra Palmer, a Minor, Appellant.

Argued May 8, 1975, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*John W. Herold*, with him *Alton P. Arnold*, for appellant.

*Wayne D. Gerhold*, Special Assistant County Solicitor, with him *Stephen A. Zappala*, County Solicitor, for appellee.

OPINION BY JUDGE BLATT, September 19, 1975:

This is an appeal from a final order and opinion of the Court of Common Pleas of Allegheny County dismissing the appeal of Debra Palmer from an adjudication of the Allegheny County Health Department (Department). The Department had suspended the running of the six-month period during which the appellant's landlord was obligated to restore her dwelling to a habitable condition.

On August 2, 1973 the appellant's premises were inspected by the Department, and on August 8, 1973 they were certified as unfit for human habitation. The

appellant then began paying her rent into an escrow account in accordance with provisions of the Rent Withholding Act,[1] 35 P. S. §1700-1 (Supp. 1974-1975) (Act). This act provides that when a dwelling is certified as unfit for human habitation the rent shall be held in escrow and shall be paid to the landlord when the dwelling is certified as fit for human habitation at any time within six months from the date of the unfit certification. It further provides that, "[i]f, at the end of six months after the certification of a dwelling as unfit for human habitation, such dwelling has not been certified as fit for human habitation, any moneys deposited in escrow on account of continued occupancy *shall* be payable to the depositor. . . ." (Emphasis added.) The six-month period would have expired here on February 8, 1974. In November of 1973, however, the premises were reinspected by the Department and were erroneously certified as fit for human habitation. Although the landlord was notified at once that the premises had been certified as fit, the appellant was not so notified until January 17, 1974. At that time the appellant requested a hearing on the matter and on February 21, 1973 it was determined that the violations from the original unfit certification had not been sufficiently abated to justify recertifying the property as fit. The appellant requested return of the escrowed rental payments because her dwelling had not been properly certified as fit within the six months from the unfit certification. The Department however, rather than authorizing return of the escrowed rental payments gave the landlord an additional 79 days to correct the violations, effectively suspending the running of the six-month period from November 21, 1973 when the landlord was erroneously informed by the Department that the dwelling was fit for human habitation to February 8, 1974, the date when the six-month period would have otherwise expired. The land-

---

1. Act of January 24, 1966, P. L. (1965) 1534, *as amended.*

lord then made all of the required corrections within this 79-day extension.

The appellant appealed to the Court of Common Pleas and argued that the Rent Withholding Act mandates without exception that rent money held in escrow must be returned to the depositor when the dwelling has not been recertified as fit within six months from the date of the original unfit certification. The Court of Common Pleas, however, affirmed the decision of the Department and this appeal followed. We also affirm.

As the appellant indicates, the purpose of the Rent Withholding Act is to restore substandard housing to a reasonable level of habitability as swiftly as possible and to deter landlords from allowing their property to degenerate into a condition unfit for habitation in the first place. *Depaul v. Kauffman*, 441 Pa. 386, 272 A.2d 500 (1971) ; *Klein v. Allegheny County Health Department*, 441 Pa. 1, 269 A.2d 647 (1970). Neither of these purposes, however, would be adequately served by applying the rigid six-month rule as suggested here by the appellant where during part of that period the landlord had been led to believe that the uninhabitable conditions had already been abated. In *Wilson v. City of Philadelphia*. 16 Pa. Commonwealth Ct. 586, 329 A.2d 908 (1974) we held that when a tenant interferes with a landlord attempting to make repairs the running of the six-month period established by the act should be suspended for the duration of the interference. Here where the landlord was officially informed that he had restored the premises to a habitable condition, the six-month period should also be suspended until he has been similarly informed that the premises were not made habitable. To hold otherwise would be to penalize the landlord for noncompliance with the statute where his noncompliance resulted through no fault of his own. The decision of the court below is, therefore, affirmed.