In Re: Appeal of Gennie Newland, Appellant, from a decision of the Allegheny County Health Department. Gennie Newland, Appellant.

520

Argued May 7, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Jere Krakoff,* for appellant.

*Wayne D. Gerhold,* Special Assistant County Solicitor, with him *Alexander J. Jaffurs,* County Solicitor, for appellee.

OPINION BY JUDGE BLATT, October 8, 1976:

This is an appeal from a final order and opinion of the Court of Common Pleas of Allegheny County dismissing the appeal of Gennie Newland (appellant) from an adjudication of the Allegheny County Health Department (Department). The Department had suspended the running of the six-month period during which the appellant's landlord had been required to restore her dwelling to a habitable condition.

On July 8, 1974, the Department conducted an inspection of the appellant's dwelling which disclosed a number of violations of the Department's Health Code. The premises were certified as unfit for human habitation and the appellant began depositing her rent into an escrow account pursuant to the provisions of the Rent Withholding Act (Act)[1], 35 P.S. §1700-1 which provides that, upon the certification of a leased dwelling as unfit for human habitation, the tenant shall deposit the rent into an escrow account for a six-month period during which the landlord is to restore the premises to a habitable condition. It further provides that the landlord is entitled to recover the funds in escrow only upon the certification of the premises as fit for human habitation, and if, at the end of the six-month period allowed, he has failed to make the necessary repairs, the deposited rent payments are to be returned to the tenant.

In the instant case, the six-month period was due to expire on January 11, 1975. In November of 1974, however, Department officials reinspected the dwelling and, after examining the violations listed in the July inspection report and finding them to be satisfactorily abated, certified it as fit for human habitation. Notice of the certification was immediately sent to the landlord. The appellant, however, was not notified of the certification until January 22, 1975, whereupon she entered an appeal with the Department, contending that the November certification was erroneous and that she was entitled to recover the funds in escrow by virtue of the running of the six-month period.

For a determination of this appeal, a hearing was convened by the Department on February 13, 1975 and, on February 18, 1975, the Hearing Officer con-

---

[1] Act of January 24, 1966, P.L. (1965) 1534, *as amended.*

ducted an inspection of the dwelling. He concluded that the landlord's attempts to restore the premises to a habitable condition were inadequate and that the violations had not been abated, and the November certification was therefore adjudged to be improper. Rather than direct payment of the escrow funds to the appellant, however, the Hearing Officer granted the landlord 52 days (the number of days remaining in the withholding period at the time when the erroneous certification was made) to make the proper repairs. The appellant then appealed to the Court of Common Pleas of Allegheny County where, after a de novo hearing, the Department's decision was affirmed.[2]

On appeal to this Court, the appellant argues, in essence, that where as here the landlord has reason to know that his repair work is inadequate and that the defects have not in fact been abated, his reliance on an improper certification is not in good faith and the Department may not then suspend the running of the six-month rent withholding period. Our scope of review in such an appeal, brought pursuant to the Local Agency Law[3] and when the lower court has held a de novo hearing, is limited to determining whether or not the appellant's constitutional rights have been violated and whether or not the lower court manifestly abused its discretion or committed an error

------

[2] The de novo hearing was held pursuant to Section 8 of the Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. §11308, which provides, *inter alia*, as follows:

"(a) In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal de novo. . . ."

It was established at the de novo hearing conducted by the Court of Common Pleas of Allegheny County that the premises had been restored to a habitable condition within the 52-day extension.

[3] Act of December 2, 1968, P.L. 1133, Section 1 et seq., 53 P.S. §11301 et seq.

of law. *Goetz v. Borough of Zelienople,* 14 Pa. Commonwealth Ct. 639, 324 A.2d 808 (1974).

The six-month limitation prescribed for the withholding of rent pursuant to the Rent Withholding Act is obviously designed to give tenants power to pressure landlords so that they will repair dilapidated and unsafe buildings, *Klein v. Allegheny County Health Department,* 441 Pa. 1, 269 A.2d 647 (1970), and, thereby, "to deter landlords from allowing their property to degenerate into a condition unfit for human habitation . . . ." *Palmer v. Allegheny County Health Department,* 21 Pa. Commonwealth Ct. 246, 249, 345 A.2d 317, 318 (1975); *accord, Depaul v. Kaufman,* 441 Pa. 386, 272 A.2d 500 (1971); *Wilson v. Philadelphia Board of License & Inspection Review,* 16 Pa. Commonwealth Ct. 586, 329 A.2d 908 (1974). We have held, however, that "[n]either of these purposes . . . would be adequately served by applying the rigid six-month rule . . . where during part of that period the landlord had been led to believe that the uninhabitable conditions had already been abated." *Palmer v. Allegheny County Health Department,* 21 Pa. Commonwealth Ct. at 249, 345 A.2d at 318. We went on to state in *Palmer* that "where the landlord was officially informed that he had restored the premises to a habitable condition, the six-month period should . . . be suspended until he has been similarly informed that the premises were not made habitable. To hold otherwise would be to penalize the landlord for noncompliance with the statute where his noncompliance resulted through no fault of his own." *Id.* We believe that *Palmer* controls here and, accordingly, affirm the lower court's decision.

We are unpersuaded by the appellant's argument that the landlord must reasonably and in good faith rely upon an erroneous certification before the Department can suspend the running of the rent with-

holding period. *Palmer* does not address the issue of suspension in terms of reliance and we are not inclined to do so here. The determination of "habitability" is subjective, dependent upon the judgment of the individual inspector. To require the landlord to rely reasonably upon the judgment of an official in a situation where, as in the present case, independent inspections of the repairs made to correct patent defects reached contrary results as to the adequacy of such repairs and as to the habitability of the premises, would clearly be unfair. The landlord's interests should not be prejudiced by official error, and we are satisfied that the policy of the Act is not disserved by the extension of time to make repairs. Our view is buttressed here by the fact that the premises actually were restored to a habitable condition within the 52-day "grace period."

We, therefore, issue the following

ORDER

AND Now, this 8th day of October, 1976, the decision of the Court of Common Pleas of Allegheny County is hereby affirmed and the appeal of Gennie Newland is dismissed.