Evans v. Rogers

*Nancy Rourke,* for plaintiff.
*Larry Adler,* for defendants.

MORGAN, *J.,* July 14, 1977 — This mandamus suit is submitted as a case stated on the issue of the legality of the requirement in the Harrisburg Rent Withholding Ordinance that a tenant must be current in his rent in order to be placed in the rent withholding program for a dwelling certified as unfit for human habitation.

The facts of the case can be briefly stated. Plain-

tiff rented a house at 71 N. Sixth Street, Harrisburg, in July 1975. In January 1976, plaintiff contacted the Bureau of Codes Enforcemant for assistance in requiring the landlord to make necessary repairs to the house. The Bureau of Codes Enforcement inspected the premises and found numerous violations of the Housing Code Ordinance. Plaintiff would have been placed on rent withholding but for the fact that she was not current in her rent.

The City of Harrisburg enacted a Rent Withholding Ordinance (No. 19-70) on August 11, 1970. The ordinance recites that it ". . . is enacted under the authority of the Act of January 24, 1966 (P.L. 1534) as amended (35 P.S. §1700-1) and for the purpose of implementing the provisions thereof." The Act of January 24, 1966, P.L. (1965) 1534, as amended, 35 P.S. §1700.1, called the Pennsylvania Rent Withholding Act, provides as follows:

"Notwithstanding any other provision of law, or of any agreement, whether oral or in writing, whenever the Department of Licenses and Inspections of any city of the first class, or the Department of Public Safety of any city of the second class [or], second class A, or third class as the case may be, or any public Health Department of any such city, or of the county in which such city is located, certifies a dwelling as unfit for human habitation, the duty of any tenant of such dwelling to pay, and the right of the landlord to collect rent shall be suspended without affecting any other terms or conditions of the landlord-tenant relationship, until the dwelling is certified as fit for human habitation or until the tenancy is terminated for any reason other than nonpayment of

rent. During any period when the duty to pay rent is suspended, and the tenant continues to occupy the dwelling, the rent withheld shall be deposited by the tenant in an escrow account in a bank or trust company approved by the city or county as the case may be and shall be paid to the landlord when the dwelling is certified as fit for human habitation at any time within six months from the date on which the dwelling was certified as unfit for human habitation. If, at the end of six months after the certification of a dwelling as unfit for human habitation, such dwelling has not been certified as fit for habitation, any moneys deposited in escrow on account of continued occupancy shall be payable to the depositor, except that any funds deposited in escrow may be used, for the purpose of making such dwelling fit for human habitation and for the payment of utility services for which the landlord is obligated but which he refuses or is unable to pay. No tenant shall be evicted for any reason whatsoever while rent is deposited in escrow."

The Harrisburg ordinance establishes a two-step procedure for participation in the rent withholding program. The first step is a certification of the dwelling as unfit for human habitation based on Housing Code violations. The second step is a certification that the tenant is current in his rent payments to the landlord. This second certification is not provided for in the Pennsylvania Rent Withholding Act and is challenged here as being inconsistent with the statute.

The City of Harrisburg contends that it is not bound by the provisions of the Rent Withholding Act because it is governed by the Optional Third Class City Charter Law of July 15, 1957, P.L.

901, sec. 101 et seq., 53 P.S. §41101, which grants charter cities broad powers of local self-government. However, this argument ignores section 305 of the Optional Third Class City Charter Law which provides:

". . . Notwithstanding the grant of powers contained in this act, *no city shall exercise powers contrary to or in limitation or enlargement of powers* granted to the city by acts of the General Assembly which are:

"(1) Applicable to a class or classes of cities on the following subjects:

" . . .

"(xi) Relating to public health.

"(2) Applicable in every part of the Commonwealth.

"(3) Applicable to all cities of the Commonwealth." Act of July 15, 1957, P.L. 901, sec. 305, 53 P.S. §41305. (Emphasis added.)

Our Supreme Court has construed this section to apply only to Acts of the General Assembly which relate to substantive matters of statewide concern: Lennox v. Clark, 372 Pa. 355, 93 A.2d 834 (1953). In two major cases, our Supreme Court has recognized that the purpose of the act is to provide safe and healthy dwellings: Klein v. Allegheny County Health Dept., 441 Pa. 1, 7, 269 A.2d 647, 651 (1970); DePaul v. Kauffman, 441 Pa. 386, 398, 272 A.2d 500, 506 (1971). The city does not question that this is a matter of substance and we cannot conclude, as the city would have us do, that the application of the statute is any less statewide, in the sense that the Supreme Court has used the word, because it applies only to the cities of the Commonwealth and not to the boroughs and townships. This is not a situation as in Lennox relating

to "matters affecting merely the personnel and administration of the offices local to Philadelphia and which are no concern to citizens elsewhere." Substandard housing is a concern of every citizen of Pennsylvania and the fact that the legislature has not yet declared that rent withholding is necessary in boroughs and townships does not lessen the general public concern about the problem.

Having decided that the City of Harrisburg may not enact an ordinance in conflict with the Pennsylvania Rent Withholding Act we must then decide whether it has done so. In our opinion it has. The current-in-rent certification procedure in the ordinance adds a non-health-related condition for eligibility to a public health program and is thus an enlargement of the city'spowers and a limitation on the Pennsylvania Rent Withholding Act. It would defeat the legislative purpose of the act which is to "put into the hands of the local officials the weapon with which to correct this blight and clean out the slums and make better living conditions." Of course, the question is raised as to why a landlord should be required to incur the expense of improving his property if the tenant has not paid his rent. But the problem is not that simple. We are not dealing here with the usual rental property nor with the typical landlord. We are dealing with a property that has so deteriorated over a period of time from neglect or refusal of the landlord to make necessary repairs that it is unfit for humans to live in. A property does not become unfit for human habitation overnight; it is a gradual process. The legislature did not provide that the tenant must be current in rent in order to obtain the benefit of the Rent Withholding Act for good and obvious reasons. A current-in-rent provision would

force tenants to pay rents for substandard housing. If a tenant has caused the deterioration or has failed to pay his rent a landlord may have grounds to evict him. But having failed to seek this remedy before the Rent Withholding Act is invoked, he must be left to his remedy of obtaining a money judgment.

For the foregoing reasons, we find the current-in-rent provisions of the Harrisburg Rent Withholding Ordinance, Article 1749.01, .03(a), and .04(a), (b) and (c), Ordinance 19-70, adopted August 11, 1970, to be invalid and unenforceable.

## ORDER

And now, July 14, 1977, plaintiff's motion for summary judgment is hereby granted.