City of Harrisburg Housing Code Board of Appeals and Fannie Frye, Appellants *v.* Patricia Reaves, Appellee.

Argued November 15, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Stuart J. Magdule,* for appellant, City of Harrisburg.

*Clarence C. Morrison,* for appellant, Fannie Frye.

*Kenneth A. Wise,* with him *Alan N. Linder,* for appellee.

OPINION BY JUDGE WILKINSON, JR., December 19, 1979:

This case arises under the provisions of the Act of January 24, 1966 (Act), P.L. (1965) 1534, *as amended,* 35 P.S. §1700-1. The appellant (landlady) appeals an order of the Court of Common Pleas of Dauphin County directing the City of Harrisburg (City) to pay over to appellee (tenant) rental monies the tenant paid into escrow. We affirm.

From April 1976 to December 1977, tenant resided in a dwelling known as 125 Royal Terrace. The premises were rented pursuant to an oral lease for a monthly rental of $100. In April 1977 the City through its Bureau of Codes Enforcement (Bureau) inspected the property. On April 20, 1977 the Bureau certified the dwelling to be unfit for human habitation and found tenant eligible to be placed on the City's Rent Withholding Program. The inspection determined that there were 122 housing code violation points, more than 100 points over the required 20 points necessary to qualify for rent withholding. From May through October 1977, tenant placed $600 in rental monies into the City's rent withholding escrow account.

In September 1977, electrical repairs, for which the landlady arranged, were made to the property at a cost of $845. These repairs corrected approximately 45 violation points. In October 1977, at the end of the first six months rent withholding period, the Bureau reinspected the dwelling and again found it unfit for

human habitation, having 62 housing code violation points, and on October 20, 1977 tenant was recertified for another six months rent withholding period. However, on October 27, 1977 the City's Code Administrator informed tenant that the escrowed funds were to be used to pay for the electrical repairs.[1] Tenant appealed this decision to the City Housing Code Board of Appeals (Board), and on December 2, 1977 a hearing was held. On January 16, 1978 the Board affirmed the decision to pay out the escrowed rent. Tenant took an appeal to the court of Common pleas. The court reversed the Board's order and directed the City to pay the escrowed rental monies to tenant.

The landlady argues that she is entitled to the escrowed monies under authority of a clause set forth in the third sentence of the Act, which reads:

> If, at the end of six months after the certification of a dwelling as unfit for human habitation, such dwelling has not been certified as fit for human habitation, any moneys deposited in escrow on account of continued occupancy shall be payable to the depositor, except that any funds desposited in escrow may be used, for the purpose of making such dwelling fit for human habitation. . . .

The plain language of the Act supports tenant's contention that the landlady is not entitled to the escrowed rental monies. The first sentence of the Act clearly states that once a dwelling is certified as unfit for human habitation, "the right of the landlord to

---

[1] It was pursuant to Article 1749.06 of the Codified Ordinances of the City of Harrisburg, the City's means of effectuating the clause in the third sentence of the Act, that the City's Director of Community Development directed that the escrow funds be used to pay for the electrical repairs. The interpretation we give to the Act's language will, of course, govern the application of the City's ordinance.

collect rent shall be suspended . . . until the dwelling is certified as fit for human habitation. . . ." The "except clause" in the third sentence cannot be interpreted as authorizing the expenditure of escrowed rental monies for the purpose of just making the dwelling less unfit for human habitation. Two Superior Court cases have held that under the Act anything less than a restoration of the leased premises to a condition that meets the reasonable requirements of fitness for human habitation established by health and safety departments of a city or county does not give the owner the right to recover payments of rental monies paid into escrow. *National Council of the Junior Order of United American Mechanics v. Allegheny County Health Department,* 216 Pa. Superior Ct. 37, 261 A.2d 616 (1969) ; *Klein v. Allegheny County Health Department,* 216 Pa. Superior Ct. 50, 261 A.2d 619 (1969), *modified,* 441 Pa. 1, 269 A.2d 647 (1970).

Accordingly, we will enter the following

### ORDER

AND Now, December 19, 1979, the order of the Court of Common Pleas of Dauphin County, docketed at No. 604 S. 1978, dated June 19, 1978, directing the City of Harrisburg to pay over to Patricia Reaves the sum of $600 deposited by her in escrow as rent withholding, is affirmed.