Milton Clark *v.* Board of License and Inspections Review et al. Betty Parrish, Lillian Allen and Edith Howard, Appellants.

Argued November 16, 1981, before Judges WIL-LIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*Andrew F. Erba,* for appellants.

*Leonard J. Bucki,* of counsel: *Wolf, Block, Schorr & Solis-Cohen,* for appellee, Milton Clark.

OPINION BY JUDGE MACPHAIL, December 31, 1981:

Betty J. Parrish, Lillian Allen and Edith Howard (tenants) appeal from a Philadelphia Common Pleas Court order releasing escrowed rental payments to Milton Clark (landlord). We affirm.

On December 27, 1972, the Philadelphia Department of Licenses and Inspections declared premises situate at 136 South 54th Street, Philadelphia, unfit for habitation.[1] Tenants began to deposit rental payments to an escrow account in accordance with the Act of January 24, 1966, P.L. (1965) 1534, *as amended,* 35 P.S. 1700-1, which provides for release of escrowed rent to the landlord if the property is declared fit within six months.[2] On June 26, 1973, the Department lifted the unfit designation.

On appeal by the tenants, the Board of License and Inspection Review, on December 28, 1973, reversed the June 26th lifting of the unfit designation. After remanding to the Board for fact finding in accordance with Section 6 of Local Agency Law, Act of December 2, 1968, P.L. 1133, *as amended,* 53 P.S. §11306, the lower court sustained the Board's finding that all violations were cleared by January 12, 1974 and ordered all escrowed funds released to the landlord.

Where the court below took no additional evidence, our scope of review is limited to determining whether constitutional rights were violated, errors of law have

---

[1] Philadelphia Housing Code, Code of General Ordinances, Section 7-506.

[2] Conversely, if the property is not brought into compliance, the funds are returned to the tenant.

been committed or findings of fact necessary to support the adjudication are not supported by substantial evidence. *Wilson v. Board of License and Inspection Review,* 16 Pa. Commonwealth Ct. 586, 329 A.2d 908 (1974).

Tenants allege that their due process rights were violated, that the Board's fact findings are not supported by substantial evidence, and that the lower court misapplied our decision in *Palmer v. Allegheny County Health Department,* 21 Pa. Commonwealth Ct. 246, 345 A.2d 317 (1975).

We find no merit in tenants' arguments and affirm the lower court based on the able opinion of Judge MARUTANI, *Clark v. Board of License and Inspection Review,* Phila. C.P. No. 4902, January Term, 1974, dated April 23, 1979.

ORDER

The decision of the Philadelphia County Court of Common Pleas, No. 4092 January Term 1974, dated April 23, 1979 is affirmed. Any escrowed rental payments for premises 136 South 54th Street shall be released to Milton Clark.