Herman H. Recht, Appellant *v.* Allegheny County Department of Health, Appellee.

Submitted on briefs October 4, 1982, to President Judge CRUMLISH, JR., and Judges WILLIAMS, JR., and DOYLE, sitting as a panel of three.

*Herman Recht,* appellant, for himself.

*James H. McLean,* County Solicitor, with him, *Timothy W. Pawol,* Special Assistant County Solicitor, for appellee.

OPINION BY JUDGE WILLIAMS, JR., August 18, 1983:

Appellant, defendant below, appeals from an order of the Court of Allegheny County adjudging defendant to be guilty of a summary offense involving numerous violations of Allegheny County Health Department (Department) housing regulations and imposing a $200 fine plus costs. We affirm.

Appellant is the owner and lessor of a two story apartment building situate in Clairton, Pennsylvania. After repeated Departmental inspections of the premises revealed Appellant's continuing noncompliance with certain Department housing regulations, the District Justice, upon the issuance of a private criminal complaint, found Appellant guilty and levied a $200 fine with costs in a summary proceeding. Upon appeal, the Court of Common Pleas of Allegheny County, after conducting a hearing *de novo*, adjudged defendant to be guilty of violating provisions of Department regulations at Article VI, entitled "Houses and Rooming Houses," and imposed a $200 penalty plus costs. Defendant timely appealed to this Court.[1]

In his *pro se* brief Appellant *solely* contends that the trial court erred in disallowing Appellant the defense of alleged tenant-induced damage to the rental property, such damage purportedly constituting some of the violations of Department housing regulations. Even assuming Appellant's allegations regarding tenant contributions to the housing violations are true, neither the enabling statute nor the local regulations promulgated thereunder require criminal intent to be a necessary element of the summary offense committed by Appellant.

The Department's housing regulations are promulgated pursuant to Section 12010(f) of the Local Health Administration Law (Law),[2] 16 P.S. §12010(f), which provides that county departments of health "shall make and enforce such rules and regulations . . . as may be necessary for the promotion and preservation

---

[1] Jurisdiction is vested in this Court pursuant to Section 762(a)-(4)(i)(B) of the Judicial Code, 42 Pa. C. S. §762(a)(4)(i)(B).

[2] Act of August 24, 1951, P.L. 1304, *as amended*, §§12001-12028, granted to counties the power to regulate public health within their boundaries.

of the public health.'' The penalty provision, Section 12027(a) of the Law, 16 P.S. §12027(a), provides in part:

> (a) Summary Offenses. Any person who violates any of the provisions of this act or any rule or regulation of the county department of health . . . shall . . . upon conviction . . . in a summary proceeding . . . be sentenced to pay the costs of prosecution and a fine of not less than thirty dollars ($30) nor more than three hundred dollars ($300), and, in default thereof, to undergo imprisonment of not less than ten (10) days nor more than thirty (30) days.

Recognizing that the pertinent statutory and regulatory provisions lack the language of criminal intent (e.g., the terms "knowingly," "wilfully" and "intentionally") and that apartment buildings traditionally have been subject to extensive health and safety regulations, we conclude that Appellant was prosecuted and convicted of committing a statutory crime. A statutory offense is created when the legislature, through its police power, and in order to facilitate the enforcement of protective, social regulations by the use of criminal process, defines a crime which does not require *mens rea* as a necessary element. Punishment for statutory crimes is therefore "totally unrelated to questions of moral wrongdoing or guilt.'' *Commonwealth v. Koczwara*, 397 Pa. 575, 580, 155 A.2d 825, 828 (1959).

Absent statutory language which requires either criminal intent as an element necessary to the offense charged or expressly provides that evidence of tenant contributions to violations of Department housing regulations is admissible to exonerate or mitigate the landlord's penalty upon conviction, we conclude that the lower court properly disregarded evidence of al-

leged tenant-caused housing violations. For "[i]t is for the legislature to determine whether the public injury threatened in any particular matter is . . . so great as to justify an absolute and indiscriminate prohibition." *Koczwara,* 397 Pa. at 582, 155 A.2d at 828 (quoting *Commonwealth v. Weiss,* 139 Pa. 247, 251, 21 A. 10 (1891)).

Relying upon *Wilson v. City of Philadelphia, Board of License & Inspection Review,* 16 Pa. Commonwealth Ct. 586, 329 A.2d 908 (1974) and *Palmer v. Allegheny County Health Department,* 21 Pa. Commonwealth Ct. 246, 345 A.2d 317 (1975), Appellant asserts mistakenly that case law supports the proposition that tenant-created violations of Department housing regulations constitute a defense to the summary offense charged. Both *Wilson* and *Palmer* were decided, however, under the Rent Withholding Act[3] which, although remedial, is nonpenal, and, unlike the Local Health Administration Law, the statute *sub judice,* does not contain provisions which can be construed as creating a statutory crime.[4]

---

[3] Act of January 24, 1966, P.L. (1965) 1534, *as amended,* 35 P.S. §1700-1. This Act provides that when a dwelling is certified as unfit for human habitation the rent shall be held in escrow and shall be payable to the landlord if the dwelling is certified as fit for human habitation within six months from the date of the unfit certification. At the end of six months, if the property has not been repaired and certified as fit for human habitation, the money held in escrow shall be payable to the depositor-tenant.

[4] In *Wilson* we criticized and rejected the city's practice of reclassifying as fit for human habitation buildings formerly certified as unfit solely because tenants interfered with and prevented landlords from making necessary repairs during the six month grace period. Concluding that the Rent Withholding Act was remedial and that tenant interference did not therefore completely extinguish tenants' rights or landlords' duties, we held that the running of the six month period was tolled for the duration of the interference. *Id.* at 590-91, 329 A.2d at 911.

436

Accordingly, we affirm the order of the Court of Common Pleas of Allegheny County.

ORDER

AND Now, this 18th day of August, 1983, the order of the Court of Common Pleas of Allegheny County, dated July 29, 1981, is hereby affirmed.

---

In *Palmer*, we held that the six month repair time limit established by the Rent Withholding Act was properly suspended when a landlord had been officially, but erroneously, advised that the premises had been restored to a habitable condition. Such suspension continues until the landlord is formally advised that the property was not made habitable. *Id.*