The Board of Pensions and Retirement of the City of Philadelphia, Appellant v. Edgar R. Einhorn, Appellee.

Argued April 7, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Reba C. Smallwood,* Deputy City Solicitor, with her *Mark A. Aronchick,* Acting City Solicitor, and *Robert J. Simmons,* for appellant.

*Thomas F. McDevitt,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 16, 1983:

The Philadelphia Board of Pensions and Retirement (Board) appeals the Philadelphia County Com-

mon Pleas Court order reversing the Board's denial of pensions benefits to Edgar R. Einhorn. We affirm.

Einhorn, while Deputy City Solicitor, suffered a heart attack following a heated settlement conference. He then applied for a service-connected disability pension pursuant to Section 206.1 of the City's Retirement System Ordinance. At the hearing, the Board, in denying his application, prevented Einhorn from testifying, cross-examining witnesses, or submitting medical reports as evidence. After a hearing *de novo*, the common pleas court reversed the Board's decision as not supported by substantial evidence.[1]

Our scope of review is limited to determining whether constitutional rights have been violated or whether the trial court abused its discretion or committed an error of law. *In Re: Appeal of Newland,* 26 Pa. Commonwealth Ct. 519, 364 A.2d 988 (1976).

Section 206.1 of the Retirement System Ordinance provides that:

> [A]ny employee found by the Board to be permanently incapacitated from further performance of duty, which incapacity resulted solely from the performance of the duties of his position and is not caused by the employee's own wrongful conduct, shall be retired. . . .

The Board argues that substantial evidence supports its finding that Einhorn's job was not the sole cause of his heart attack. We disagree.

The Board's examining physician concluded that Einhorn's job was not the sole cause of the myocardial infarction. He based this on the statistical proposi-

---

[1] The trial court, however, failed to make factual findings and legal conclusions, which necessitated a remand by this Court.

tion that a myocardial infarction is preceded by coronary artery disease, thus indicating that Einhorn's job could not be the *sole* cause of his heart attack. But, as Einhorn's own physician testified, Einhorn never had a coronary angiogram performed which would have revealed the existence of coronary artery disease. Thus, there is no evidence supporting the Board's contention that Einhorn had any disease prior to his heart attack and that the myocardial infarction was not caused solely by Einhorn's job.

Affirmed.

ORDER

The Philadelphia County Common Pleas Court order, No. 1851 January Term 1980, dated July 28, 1982, is hereby affirmed.