Rose Mary Jenkins, Appellant *v.* Mr. & Mrs. McDonald, Constance Westerman Kelly and Department of Police Administration City/County of Philadelphia, Appellees.

Argued June 4, 1985, before Judges ROGERS, BARRY and PALLADINO, sitting as a panel of three.

*Salvatore De Lello, Jr.,* for appellant.

*Ralph J. Luongo,* Assistant City Solicitor, with him, *Barbara W. Mather,* City Solicitor, and *Barbara R. Axelrod,* Deputy City Solicitor, for appellees.

OPINION BY JUDGE PALLADINO, October 3, 1985:

Rose Mary Jenkins (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) sustaining the preliminary objections of the City of Philadelphia (City) and dismissing Appellant's complaint against the City on the ground that the City was immune from liability under Section 8542 of the Political Subdivision Tort Claims Act (Act), 42 Pa. C.S. §8542. We affirm.

On April 15, 1983, Appellant was injured when she was attacked by a stray dog as she walked her dog on a city sidewalk. As a result, Appellant filed suit against the City, alleging that her claim falls within two of the exceptions to immunity enumerated in the Act in that (1) the stray dog constituted a dangerous condition of the sidewalk, 42 Pa. C.S. §8542 (a)(7) and (2) the City is responsible for the care, custody and control of animals within its possession, 42 Pa. C.S. §8542(a)(8).

When examining the decision of a trial court, this Court's scope of review is limited to a determination of whether constitutional rights have been violated or whether the trial court abused its discretion or committed an error of law. *Board of Pensions and Retirement of the City of Philadelphia v. Einhorn,* 77 Pa. Commonwealth Ct. 228, 465 A.2d 139 (1983).

Appellant's first argument relies on 42 Pa. C.S. §8542(b)(7), which provides in pertinent part an exception to immunity where there exists:

A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

In the case at bar, a stray dog is not a "reasonably foreseeable risk" of which the City "could reasonably be charged with notice." The language of the statute is clear. A stray dog cannot be reasonably considered to be a condition of the sidewalk. We therefore re-

ject Appellant's argument that her claim falls within the dangerous condition of sidewalks exception.

We must also reject Appellant's argument that her claim falls within the exception at 42 Pa. C.S. §8542(b)(8). Section 8542(b)(8) provides an exception to immunity for acts involving:

> The care, custody or control of animals in the possession or control of a local agency, including but not limited to police dogs and horses. Damages shall not be recoverable under this paragraph on account of any injury caused by wild animals, including but not limited to bears and deer, except as otherwise provided by statute.

Again, the language of the statute is clear. The City is responsible for animals in its possession or control. Here, a stray dog cannot be considered an animal within the possession or control of the City. Appellant argues that the Dog Law[1] creates a duty of care in the City to seize and detain stray dogs, which brings such animals under the City's control, custody or care. This argument would expand the scope of the exception enumerated at 42 Pa. C.S. §8542(b)(8) far beyond its intended coverage, and we must reject it. Therefore, 42 Pa. C.S. §8542(b)(8) is also inapplicable to the case at bar.

Accordingly, the order of the trial court sustaining the preliminary objections of the City, and dismissing Appellant's suit against the City, is affirmed.

## ORDER

AND Now, October 3, 1985, the order of the Court of Common Pleas of Philadelphia County in the above captioned matter, dated February 6, 1984, is affirmed.

---

[1] Act of December 7, 1982, P.L. 784, *as amended*, 3 P.S. §§459-101-459-1205.