585 A.2d 616

**William DeBERRY**

v.

**BOARD OF PENSIONS AND RETIREMENT MUNICIPAL PENSION FUND, City of Philadelphia.**

**Appeal of the CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Dec. 3, 1990.

Decided Jan. 11, 1991.

Andrew L. Miller, Asst. City Sol., with him, Ralph J. Teti, Chief Deputy City Sol., Philadelphia, for appellant.

Jeffrey W. Meehan, with him, Jeffery S. Orchinik, Malloy & McGill, Philadelphia, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

The City of Philadelphia appeals an order of the Court of Common Pleas of Philadelphia County (trial court), which reversed the Board of Pensions and Retirement's (Board) decision to deny William DeBerry's (DeBerry) application for service-connected disability retirement benefits pursuant to Section 206.1 of the City's Pension Ordinance.[1] We reverse the trial court and reinstate the decision of the Board.

DeBerry, a former police officer in the Philadelphia Police Department, filed an application with the Board for service-connected disability benefits. After providing a hearing, the Board made the following pertinent findings of fact:

3. On May 3, 1983, while on duty and entering his patrol car, Officer DeBerry injured his back when his seatbelt

1. Under section 206.1, an employee can receive service-connected disability retirement benefits where he is "found by the Board to be permanently incapacitated from further performance of duty, *which incapacity resulted solely from the performance of the duties of his position.*" (Emphasis added.)

buckle jabbed him in the lower back. He was treated by the Compensation Clinic and returned to active duty three months later ...

4. On December 17, 1985, while on duty and reversing his patrol vehicle, he injured his back when he turned to look out the back of the vehicle.

. . . .

7. ... Officer DeBerry returned to active duty during the week of September 1986 [sic]. On September 10, 1986, while on duty and riding in a patrol van, he injured his back when the van ran over a bump....

. . . .

10. On November 10, 1986, Officer DeBerry was terminated from the Police Department.

. . . .

13. Mr. DeBerry's application [for service-connected disability retirement benefits] was presented at [the] Board's meeting of December 11, 1987, and the application was denied.

14. At its April 1988 meeting, the Board approved the convening of a hearing panel to take testimony concerning the application by [DeBerry].

Based on the medical evidence presented at the hearing, the Board made the following findings and conclusions concerning DeBerry's disability:

### Findings of Fact

. . . .

21. The Board found that [DeBerry] was permanently and partially disabled from the performance of his duties as a Police Officer.

22. The Board found that [DeBerry's] disability was due in part to a discogenic disease that existed prior to the on-duty accidents cited in the record.

Conclusions of Law

. . . .

2. [DeBerry] has not met his burden of proof to show that his incapacity resulted solely from the performance of his duties.

3. [DeBerry's] disability is due in part to a previously existing discogenic disease.

4. [DeBerry's] disability is not due solely to the performance of his duties as a Police Officer.

5. [DeBerry] is not entitled to service-connected disability benefits under Section 206 of the Retirement System Ordinance.

DeBerry appealed to the trial court, which cited several cases involving workmen's compensation claims to support its conclusion that a "claimant need only show that the disabling injury was suffered in the course of employment and was related thereto, when a claim is presented for aggravation of a pre-existing condition. A causal relationship may exist regardless of worker's previous physical condition." *DeBerry v. Board of Pensions & Retirement City of Philadelphia* (October Term, 1988, No. 6045, filed October 5, 1989), slip op. at 7–8. The trial court concluded that:

[R]equiring [DeBerry] to show a complete and exclusive nexus between the injury and resultant disability ... would not only demonstrate this Court's indifference to longstanding legal principles, but would impose upon each and every subsequent claimant a tremendous burden. Such a burden would, in effect, prevent eligible people from receiving the compensation they deserve and so desperately need. We therefore find that the record supports a finding that Mr. DeBerry's injury materially contributed to his disability, and that he has sustained his burden under § 206.1.

*Id.*, slip op. at 7–8. Accordingly, the trial court reversed.

On appeal to this court,[2] the Board raises the following two issues: (1) whether the trial court incorrectly rejected the causation test used by the Board; and (2) whether the Board's causation findings were supported by substantial evidence.

■ The Board contends that the trial court erred by applying the causation requirement for workmen's compensation claims instead of the causation requirement for Section 206 benefits. The Board asserts that this court explained the Section 206 requirement in *Drennan.*

Section 206.1 requires that the employee's incapacity must result "solely from the performance of the duties of his position." In *Drennan,* we concluded that Section 206.1 requires "a complete and exclusive nexus between the performance of work duties and the resultant disability." *Drennan,* 106 Pa.Commonwealth Ct. at 268, 525 A.2d at 1268. *Drennan* established the correct causation standard and the trial court erred by refusing to apply it. For this reason alone the trial court's order must be reversed.[3]

■ As to the second issue, DeBerry asserts that although the Board correctly applied the *Drennan* standard, its findings were based on "a statistical proposition" which cannot constitute substantial evidence. DeBerry relies on *Board of Pensions and Retirement v. Einhorn,* 77 Pa. Commonwealth Ct. 228, 465 A.2d 139 (1983), in which a medical expert testified that Einhorn's job was not the sole cause of his heart attack. This testimony was based entirely on a "statistical proposition" that heart attacks are preceded by coronary artery disease. We concluded that a "statistical proposition" cannot constitute substantial evi-

**2.** Our scope of review is limited to determining whether the adjudication is in violation of the constitutional rights of the Appellant, or not in accordance with the law, or whether local agency procedures have been violated or whether any findings of fact made by the agency and necessary to support its adjudication are not supported by substantial evidence. *Drennan v. City of Philadelphia, Board of Pensions and Retirement,* 106 Pa.Commonwealth Ct. 262, 525 A.2d 1265 (1987).

**3.** DeBerry concedes that the trial court erred by refusing to apply the *Drennan* standard.

dence to support the finding that Einhorn had a disease which contributed to his heart attack. *Einhorn* is distinguishable.

Initially, we note that DeBerry had the burden of proving that his disability was solely caused by the performance of his duties [4] and that the Board found that he failed to meet this burden. Where the evidence is contradictory, as here, determination as to weight and credibility are for the Board. *Drennan.*

In the instant case, the Board accepted as credible the expert medical opinion of Andrea Hanaway, M.D., who concluded the following:

> I do believe that Mr. DeBerry probably does have slowly developing discogenic disease which is causing him some degree of pain. I believe that Mr. DeBerry has exaggerated his symptoms somewhat out of proportion, however, I do believe that there is objective evidence that there is some discogenic disease which either has been present for a long period of time or has been gradually developing over a period of time. I do not believe that this disability can be considered to be solely related to the performance of his duties in that it could not have been caused by the two extremely minor injuries that Mr. DeBerry reports.

Certified Record, Exhibit FF, at 3. Dr. Hanaway's opinion was based on a personal examination of DeBerry and on both his subjective complaints and objective test results. The opinion is not based merely on a statistical proposition. Dr. Hanaway's statement is substantial evidence to support the Board's findings.

Accordingly, we reverse the trial court's decision and reinstate the Board's decision.

## ORDER

AND NOW, January 11, 1991, the order of the Court of Common Pleas of Philadelphia County in the above-cap-

4. *See Drennan.*

tioned matter is reversed and the decision of the Board of Pensions and Retirement is reinstated.

PELLEGRINI, J., concurs in the result only.