566 A.2d 373

**BOROUGH OF WEST CHESTER and Borough Council of the Borough of West Chester, Appellants,**

v.

**TAXPAYERS OF THE BOROUGH OF WEST CHESTER, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1989.

Decided Nov. 20, 1989.

Stephen P. McGuire, Buckley, Nagle, Gentry, McGuire & Morris, West Chester, for appellants.

Sharon L. Cloud, Saling & Litvin, West Chester, for appellees.

Stephen S. Russell, Chief Staff Counsel, New Cumberland, for amici curiae, Pennsylvania School Boards Ass'n.

Allen C. Warshaw, with him, Scott C. Penwell, Duane, Morris & Heckscher, Harrisburg, for amici curiae, Pennsylvania Food Merchants Ass'n and Pennsylvania Petroleum Ass'n.

Before McGINLEY and SMITH, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

Appellants, the Borough of West Chester (Borough) and the Borough Council (Council), have appealed from an order of the Court of Common Pleas of Chester County (trial court) which invalidated both a local mercantile tax ordinance and an amendment to the local business privilege tax ordinance. There are no relevant facts in dispute and the only legal question is whether these local tax ordinances violate Section 533 of the Local Tax Reform Act (Act).[1]

■ On December 1, 1988, Council enacted two ordinances taxing gross business receipts: one adopted a mercantile tax and the other amended an existing business privilege tax from a flat rate to a millage rate. Prior to the passage of these ordinances, the Borough had no mercantile

1. Act of December 13, 1983, P.L. 1121, 72 P.S. § 4750.533.

nor business privilege tax on gross receipts. After the Governor signed the Act into law on December 13, 1988, various taxpayers of the Borough (Appellees) filed this suit challenging the two ordinances enacted on December 1 as being ultra vires. All Appellees herein conduct business activities in the Borough which subject them to the gross receipts taxes imposed by these two ordinances.

The trial court found that the ordinances were passed beyond the deadline set by Section 533 of the Act for the imposition of gross receipts taxes and, therefore, declared the ordinances null and void. The trial court based its decision on the plain meaning of Section 533 which reads as follows: "After November 30, 1988, and notwithstanding any other provisions of this Act except for subsection (b),[2] no political subdivision may levy, assess or collect or provide for the levying, assessment or collection of a mercantile or business privilege tax on gross receipts or part thereof." Our scope of review of the trial court's decision is limited to determining whether the trial court abused its discretion or committed an error of law. *Jenkins v. Mc-Donald*, 92 Pa. Commonwealth Ct. 140, 498 A.2d 487 (1985). Since the present case involves no disputed facts, the sole issue is whether the trial court erred in applying Section 533 of the Act to invalidate the ordinances in question.

 Pursuant to the Statutory Construction Act of 1972, when the language of a statute is clear and unambiguous, legislative intent must be gleaned from the statute itself.[3] The legislative history cannot serve as a pretext for disregarding the plain meaning of the words contained therein. Section 533 is entitled "Abolishment of Tax" and clearly prohibits a political subdivision which had not previously imposed gross receipts taxes from doing so after November 30, 1988. The trial court properly determined

---

**2.** Subsection (b) preserves those local taxes on gross receipts which were enacted on or before November 30, 1988.

**3.** 1 Pa.C.S. § 1921(b).

that the subject ordinances are void based upon the plain meaning of Section 533.

Appellants nonetheless argue that, despite the express language of Section 533, it cannot become effective prior to January 1, 1991 since Section 3112 of the Act provides that most of its provisions will not become effective until at least twelve months after publication of the certification of a constitutional amendment authorizing differing tax rates for real property. However, Section 533 explicitly states that it shall apply after November 30, 1988 notwithstanding any other provisions of the Act. As the trial court correctly noted, the provision contained in Section 533 prevails over the provision found in Section 3112. The Statutory Construction Act mandates that, whenever a general provision in a statute conflicts with a special provision in the same statute, the special provision prevails.[4]

Having found that the trial court committed no error of law, we affirm its decision.[5]

## ORDER

AND NOW, this 20th day of November, 1989, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby affirmed.

---

**4.** 1 Pa.C.S. § 1933.

**5.** In view of our conclusion, it is not necessary to address Appellees' motion to suppress.