608 A.2d 605

**BURRELL SCHOOL DISTRICT, a political subdivision of the Commonwealth of Pennsylvania, Appellant,**

v.

**The CITY OF LOWER BURRELL, a political subdivision of the Commonwealth of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1992.

Decided April 27, 1992.

Philip V. McCalister, for appellant.

Stephen Yakopec, Jr., for appellee.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

Burrell School District (District) appeals an order of the Court of Common Pleas of Westmoreland County (trial court) which determined that section 533 of the Local Tax Reform Act (Act), Act of December 13, 1988, P.L. 1121, 72 P.S. § 4750.533, prevented the District from imposing a mercantile/business privilege tax, and from sharing in monies collected by the City of Lower Burrell (City) pursuant to the City's mercantile/business privilege tax. We affirm.

The trial court found that on September 12, 1988, the City enacted a mercantile/business privilege tax pursuant to The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §§ 6901–6924. On April 12, 1989, the District enacted its own mercantile/business tax. Arguing that section 8 of the Local Tax Enabling Act, 53 P.S. § 6908, entitled it to one half of the mercantile/business tax revenues collected by the City, the District filed an action for declaratory judgment with the trial court to establish the validity of its tax and its entitlement to that revenue.

The trial court determined that subsection 533(a) of the Act, 72 P.S. § 4750.533(a), prevents the District from imposing a mercantile/business privilege tax and prevents the sharing of monies collected by the City through its duly imposed mercantile/business privilege tax.

The District appeals. Our scope of review in a declaratory judgment action is limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed, or whether the trial court abused its discretion. *Apollo–Ridge School District v. Tax Claim Bureau of Indiana*, 141 Pa.Commonwealth Ct. 111, 595 A.2d 217 (1991).

The District argues that the trial court committed an error of law when it concluded that subsection 533(a) of the Act was effective.[1] The District cites sections 3110 and 3112 of the Act, 72 P.S. § 4750.3110 and 4750.3112. Subsection 3112(a), 72 P.S. § 4750.3112(a), provides, with exceptions not here applicable, that "this act shall be effective ... for the fiscal year which begins after the expiration of 12 months following the publication of the certification of the constitutional amendment under section 3110."[2] The constitutional amendment proposed was not adopted by the electorate. The District therefore argues that the Act, and specifically subsection 533(a), "never became effective and is a legal nullity." District's Brief, at 8.

The City directs our attention to a decision of this court which it maintains controls the result in the instant case. That case is *Borough of West Chester v. Taxpayers of the Borough of West Chester (West Chester)*, 129 Pa.Commonwealth Ct. 545, 566 A.2d 373 (1989), which held that a business privilege tax imposed one day after the deadline specified in subsection 533(a) was untimely. *West Chester* holds that:

1. That subsection states:
    (a) **General Rule.**—After November 30, 1988, and notwithstanding any other provision of this act except for subsection (b), no political subdivision may levy, assess or collect or provide for the levying, assessment or collection of a mercantile or business privilege tax on gross receipts or part thereof.
   Subsection 533(b), 72 P.S. § 4750.533(b), in essence preserves mercantile and business privilege taxes existing on or before November 30, 1988.

2. The referenced constitutional amendment would have amended Article VIII of the Pennsylvania Constitution to allow local government units to impose differing tax rates on residential realty.

> Section 533 explicitly states that it shall apply after November 30, 1988 notwithstanding any other provisions of the Act. As the trial court correctly noted, the provision contained in Section 533 prevails over the provision found in Section 3112.

*West Chester*, 129 Pa.Commonwealth Ct. at 548, 566 A.2d at 375. The District argues that *West Chester* should not govern the present appeal because the commonwealth court's *West Chester* decision did not address the effect of the electorate's failure to adopt the pertinent constitutional amendment. Unlike the present appeal, *West Chester* involved an appeal from a trial court ruling which was made before the constitutional amendment appeared on the ballot.

Section 533 provides that it shall apply after November 30, 1988, notwithstanding any other provision of the Act, including section 3112. The failure of the constitutional amendment to pass has no relevance to the effectiveness of section 533. Section 533 by its terms is effective notwithstanding any other provision of the Act. To argue that section 3112 impacts upon the right of the District to impose a mercantile/business privilege tax fails to recognize the plain language of section 533.

Therefore, we conclude that under subsection 533(a), the District was prevented from enacting a mercantile/business privilege tax after November 30, 1988. Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, April 27, 1992, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is affirmed.