626 A.2d 1257

**PENN TRAFFIC COMPANY, J.A. Kohlhepp Sons, Inc., Osburn Buick Pontiac GMC Truck, Inc., and Anthony S. Guido**

v.

**CITY OF DUBOIS, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 31, 1993.

Decided May 25, 1993.

Reargument Denied July 22, 1993.

108

Toni M. Cherry, for appellant.

Anthony S. Guido, for appellees.

Before COLINS and KELLEY, JJ., and KELTON, Senior Judge.

COLINS, Judge.

The City of DuBois (the City) appeals an order of the Court of Common Pleas of Clearfield County (trial court), which granted a motion for partial summary judgment filed by the Penn Traffic Company, J.A. Kohlhepp Sons, Inc., Osburn Buick Pontiac GMC Truck, Inc., and Anthony S. Guido (collectively referred to as the Taxpayers), and invalidated the City's business privilege tax.

On November 30, 1988, a bill was introduced at a City Council meeting to create an ordinance imposing a business privilege tax (the tax) on the gross value of receipts generated by businesses operating within the City. On the same date, the City Council passed the bill on its first reading. On December 28, 1988, the City Council passed the bill on its second reading, and the tax ordinance was enacted by the City on that date.

The Taxpayers filed an action in the trial court against the City claiming that, *inter alia*, the tax was invalid under Section 533 of the Local Tax Reform Act (Act), Act of December 13, 1988, P.L. 1121, 72 P.S. § 4750.533. The Taxpayers alleged in their complaint that Section 533 of the Act rendered any business privilege tax or mercantile tax levied after November 30, 1988 invalid; the Taxpayers averred that the tax was not enacted by the City until December 28, 1988. Thereafter, the Taxpayers moved for partial summary judgment on the ground that the tax was contrary to Section 533 of the Act. The trial court granted the Taxpayers' motion, holding that, because the tax was enacted after November 30, 1988, it was invalid under the Act. This appeal followed.

The City raises two issues: (1) the trial court erred in concluding that the tax was invalid under Section 533 of the Act, because the tax was provided for on November 30, 1988, in accordance with Section 533(b) of the Act, 72 P.S. § 4750.-533(b); and (2) the trial court erred in applying Section 533 of the Act, because that section of the Act never went into effect.

Section 533 of the Act provides:

(a) General rule.—After November 30, 1988, and notwithstanding any other provision of this act except for subsection (b), no political subdivision may levy, assess or collect or provide for the levying, assessment or collection of a mercantile or business privilege tax on gross receipts or part thereof.

(b) Existing taxes preserved.—Any political subdivision which has on or before November 30, 1988, levied, assessed or collected or provided for the levying, assessment or collection of a mercantile or business privilege tax on gross receipts or part thereof may continue to levy, assess and collect such tax. . . .

The City contends that, in accordance with Section 533(b) of the Act, it provided for a business privilege tax on or before November 30, 1988, and, thus, the tax is not invalid under Section 533(a) of the Act, 72 P.S. § 4750.533(a). Specifically, the City asserts that the City Council's action in passing the tax on its first reading on November 30, 1988 provided for the tax within the meaning of Section 533(b). Also, the City argues that it provided for the tax, because, prior to November 30, 1988, it adopted a budget for 1989, which relied on revenue from the tax. The Taxpayers, however, argue that the term "provided for" in Section 533(b) of the Act, 72 P.S. § 4750.533(b), means that a municipality must have enacted a business privilege or mercantile tax ordinance, which is binding on the municipality, on or before November 30, 1988. We agree with the Taxpayers.

 Tax statutes are to be strictly construed, and in cases of doubt the construction should be against the government. Section 1928(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1928(b); *Borough of Brookhaven v. Century 21*, 57 Pa.Commonwealth Ct. 211, 425 A.2d 466 (1981). Section 533(b) of the Act states, in essence, that mercantile and business privilege taxes, *in existence* on or before November 30, 1988, are preserved under the Act. *Burrell School District v. Lower Burrell*, 147 Pa.Commonwealth Ct. 471, 608 A.2d 605, *petition for allowance of appeal denied*, —— Pa. ——, 617 A.2d 1275 (1992). It is axiomatic that a tax ordi-

nance is not in existence until it is finally enacted by a municipality's legislative body. *See* Eugene McQuillan, The Law of Municipal Corporations § 16.28 (3d ed. 1989) (an ordinance is not valid until it is properly passed by the legally constituted legislative body of a municipality). Moreover, since we are required to construe tax statutes strictly, it would be improper for us to interpret the term "provided for" in so liberal a fashion that it would preserve business privilege taxes that did not exist on or before November 30, 1988. *Borough of Brookhaven.* Hence, we hold that the term "provided for" in Section 533(b) of the Act, 72 P.S. § 4750.533(b), must mean that the legislative enactment of a business privilege or mercantile tax had to be final on or before November 30, 1988. Accordingly, a business privilege or mercantile tax enacted after November 30, 1988, is invalid under Section 533(a) of the Act, 72 P.S. § 4750.533(a).

In the present case, while the City did pass the tax on November 30, 1988, on the first reading of the bill, the record reveals that the tax was not finally enacted by the City until December 28, 1988. Because the City failed to finally enact the tax on or before November 30, 1988, the tax is invalid regardless of the fact that City initiated legislative action to create the tax on November 30, 1988 and anticipated revenues from the tax in its 1989 budget. Therefore, we hold that the Honorable John K. Reilly, Jr., President Judge of the Court of Common Pleas of Clearfield County, correctly determined that the tax was invalid under Section 533 of the Act, 72 P.S. § 4750.533.[1]

Further, the City argues that Section 533 of the Act never became effective. Relying on Section 3112 of the Act,

---

1. The City also argued that it provided for a business privilege tax, because it passed an ordinance in 1922 (ordinance 370) which placed a tax on businesses operating in the City. Ordinance 370, however, did not establish a business privilege or mercantile tax within the meaning of Section 533 of the Act. Section 533 applies only to taxes on the "gross receipts or part thereof" of businesses. Ordinance 370 merely imposes license fees on businesses operating in the City; the amount of the license fee is not based on the gross receipts of the businesses that are taxed. Therefore, this argument is without merit.

72 P.S. § 4750.3112,[2] the City asserts that Section 533 was designed to go into effect only after certification of a constitutional amendment authorizing new tax rates. On May 16, 1989, the electors rejected that amendment. Hence, the City argues that, in the absence of a constitutional amendment placing Section 533 in effect, that Section of the Act cannot be enforced. This argument, however, was specifically rejected by this Court in *Burrell School District* and in *Borough of West Chester v. Taxpayers,* 129 Pa.Commonwealth Ct. 545, 566 A.2d 373 (1989). This Court has reasoned as follows:

> Section 533 provides that it shall apply after November 30, 1988, notwithstanding any other provision of the Act, including section 3112. The failure of the constitutional amendment to pass has no relevance to the effectiveness of section 533. Section 533 by its terms is effective notwithstanding any other provision of the Act. To argue that section 3112 impacts on the right of the District to impose a mercantile/business privilege tax fails to recognize the plain language of section 533.

*Burrell School District,* 147 Pa.Commonwealth Ct. at 474, 608 A.2d at 606. Therefore, because *Borough of West Chester* and *Burrell School District* are controlling, we hold that Section 533 of the Act, 72 P.S. § 4750.533, is in effect and that the trial court properly applied it to the instant case.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 25th day of May, 1993, the order of the Court of Common Pleas of Clearfield County in the above-captioned matter is affirmed.

2. Section 3112 of the Act provides, in pertinent part, as follows: Except as provided in section 3111 governing transition and implementation ...[,] this act shall be effective for, and shall apply to, counties, political subdivisions and school districts of the first class A for the fiscal year which begins after the expiration of 12 months following the publication of the certification of the constitutional amendment under section 3110.