625 A.2d 1321

**TAXPAYERS OF THE TOWNSHIP OF SANDY**

v.

**SANDY TOWNSHIP SUPERVISORS and The Township of Sandy, Appellants.**

Commonwealth Court of Pennsylvania.

Argued March 31, 1993.

Decided May 25, 1993.

George L. Cass, for appellants.

Anthony S. Guido, for appellees.

Before COLINS and KELLEY, JJ., and KELTON, Senior Judge.

COLINS, Judge.

The Sandy Township Supervisors and the Township of Sandy (collectively referred to as the Township) appeal an

order of the Court of Common Pleas of Clearfield County (trial court), which granted a motion for partial summary judgment filed by the Taxpayers of the Township of Sandy (Taxpayers) and invalidated the Township's business privilege tax.

On November 16, 1988, the Township tentatively approved a budget for 1989, which included revenues from a proposed business privilege tax. The Township formally adopted the budget on December 14, 1988. Then, in order to support its new budget, the Township enacted a business privilege tax ordinance (tax) on December 21, 1988.

On June 22, 1990, Taxpayers filed a complaint in equity against the Township, claiming, *inter alia,* that the tax was invalid under Section 533 of the Local Tax Reform Act (Act), Act of December 13, 1988, P.L. 1121, 72 P.S. § 4750.533. Taxpayers alleged that Section 533 of the Act invalidates business privilege taxes enacted after November 30, 1988, and that because the Township enacted the tax on December 21, 1988, the tax was not valid. Thereafter, Taxpayers moved for partial summary judgment on the ground that the tax was contrary to Section 533 of the Act. The trial court granted Taxpayers' motion and held that the tax was invalid, because it was enacted after November 30, 1988. This appeal followed.

The Township raises two issues: (1) whether the trial court erred in applying Section 533 of the Act, when that section of the Act was not designed to go into effect until a certain constitutional amendment was adopted and that constitutional amendment was ultimately rejected by the electors; and (2) whether the tax is preserved by the "provided for" language in Section 533(b) of the Act, 72 P.S. § 4750.533(b), when the tax was included in a budget tentatively adopted prior to November 30, 1988.

Section 533 of the Act provides:

(a) General rule.—After November 30, 1988, and notwithstanding any other provision of this act except for subsection (b), no political subdivision may levy, assess or collect or provide for the levying, assessment or collection of a

mercantile or business privilege tax on gross receipts or part thereof.

(b) Existing taxes preserved.—Any political subdivision which has on or before November 30, 1988, levied, assessed or collected or provided for the levying, assessment or collection of a mercantile or business privilege tax on gross receipts or part thereof may continue to levy, assess and collect such tax. . . .

It is undisputed that the Township finally enacted the tax on December 21, 1988. In *Penn Traffic Company v. City of DuBois,* —— Pa.Commonwealth Ct. ——, 626 A.2d 1257 (1993), we held that business privilege and mercantile tax ordinances which were not finally enacted by a municipality on or before November 30, 1988, are invalid under Section 533 of the Act, and, further, we held that Section 533 of the Act is effective, regardless of the fact that the aforementioned constitutional amendment was never adopted. The Township presents the same arguments in this appeal that we rejected in *Penn Traffic Company.* Therefore, following the reasoning articulated in *Penn Traffic Company,* we will affirm the order of the Honorable John K. Reilly, Jr., President Judge of the Court of Common Pleas of Clearfield County.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 25th day of May, 1993, the order of the Court of Common Pleas of Clearfield County in the above-captioned matter is affirmed.