635 A.2d 254

SAN VAN, INC., d/b/a Challenge Miniature Golf

v.

SCHOOL DISTRICT OF DERRY TOWNSHIP, Dauphin County Pennsylvania and Township of Derry, Dauphin County, Pennsylvania, Appellants.

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1993.

Decided Dec. 15, 1993.

484

Jerome J. McDonald, for appellants.

Jeffrey A. Ernico, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, SMITH, PELLEGRINI and FRIEDMAN, JJ.

COLINS, Judge.

The School District of Derry Township (School District) appeals from a decision of the Court of Common Pleas of Dauphin County (Common Pleas), which granted declaratory relief to San Van, Inc. (San Van), and held that Derry Township's (the Township) imposition of a ten percent amusement tax on San Van violated Section 8(10) of The Local Tax Enabling Act (LTEA), 53 P.S. § 6908(10)[1] and Article 8, Section 1 of the Pennsylvania Constitution. We reverse.

San Van operates a miniature golf course in the Township called Challenge Miniature Golf. This litigation stems from the Township's attempt to impose an amusement tax on the fees charged by San Van for admission to its miniature golf course. The parties have stipulated to the following relevant facts:

## STIPULATION OF FACTS

2. The miniature golf course is an 18 hole golf course. The only golf club used while playing the 18 hole course is a putter. The putter, golf ball and "cup" used for each hole are United States Golf Association regulation size items.

3. Each hole, according to the score card provided by [San Van] to all players, is measured in inches. The total yardage of the 18 hole course is 150.75 yards....

4. [San Van] charges a "greens fee" for use of the miniature golf course which includes a golf club known as a putter, also known as a putting iron, and golf ball if a participant does not have his own available....

1. Act of December 31, 1965, P.L. 1257, as amended.

5. Participants strike a ball with the putter at each hole from a tee-off spot and attempt to putt the ball in a hole in the least number of strokes possible. Participants must negotiate various hazards for each hole. Participants must move from one hole to the next in a numerical order covering the entire course under their own power without the assistance of any mechanical devices. The level of difficulty for each hole, known as the "par", is determined by the type of hazard that is placed at each hole and the distance from tee-off to each hole.

. . . .

7. The distance between the tee-off area and the green of a "conventional" golf course (as defined in the Derry Township Zoning Ordinance) is measured in yards, not inches.

8. The Derry Township Zoning Ordinance defines golf courses as follows:

1. *Conventional Golf Course*—A golf course with a minimum of 2,800 yards of play in 9 holes.

2. *Special Golf Course*—Any form of golf which is not included under the definition of the conventional golf course.

. . . .

12. Currently, [the Township does] not impose a tax on 'Conventional' golf courses under the Derry Township Amusement Tax or School District of Derry Township Amusement Tax.

On June 18, 1990, the Township adopted a resolution known as the Derry Township School District Amusement Tax Resolution. On September 11, 1990, the Township adopted Ordinance No. 318 (Amusement Tax Ordinance), under the authority of the LTEA, which provided for the imposition of a ten percent tax on admissions to every amusement within the Township.

The tax collector for the Township notified San Van on July 29, 1991, that it was subject to the ten percent amusement tax

on all its admissions under the Amusement Tax Ordinance. San Van filed an action for declaratory relief in Common Pleas pursuant to the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541. Common Pleas entered a declaratory judgment ruling that the Township's amusement tax, as applied to San Van, violated Section 8(10) of the LTEA and Article 8, Section 1 of the Pennsylvania Constitution. The School District filed the instant appeal seeking review of Common Pleas' decision and order.

■ "Our scope of review in a declaratory judgment action is limited to determining whether [Common Pleas'] findings are supported by substantial evidence, whether an error of law was committed, or whether [Common Pleas] abused its discretion." *Apollo–Ridge School District v. Tax Claim Bureau,* 141 Pa.Commonwealth Ct. 111, 114 n. 3, 595 A.2d 217, 219 n. 3 (1991). The School District raises two issues on appeal.[2]

## I. DID THE TOWNSHIP'S TAX VIOLATE SECTION 8(10) OF THE LTEA?

First, the School District contends that Common Pleas erred, when it concluded that the Township's ten percent amusement tax on a miniature golf course violated Section 8(10) of the LTEA, which provides, in pertinent part:

No taxes levied under the provisions of this act shall be levied by any political subdivision on the following subjects exceeding the rates specified in this section:

. . . .

(10) On admissions to golf courses, ten percent. The tax base upon which the tax shall be levied shall not exceed

2. The Township also asserts that conventional golf courses are exempt from amusement taxes by virtue of Section 2(13) of the LTEA, 53 P.S. § 6902(13), which prohibits assessment of an amusement or admissions tax to enter a place to engage in any activity whose predominant purpose or nature is exercise, fitness, or health maintenance. We reject this argument, because the legislature clearly provided in Section 8(10) of the LTEA that a ten percent admissions tax could be imposed on 40 percent of conventional golf course greens fees.

forty percent of the greens fee. The greens fee shall include all costs of admissions to the golf course.

The dispute between the School District and San Van distills into the question of whether San Van's miniature golf course is a golf course within the definition of Section 8(10) of the LTEA. If San Van's miniature golf course is a golf course, then the Township's tax is violative of Section 8(10)'s tax rate limitation.

The LTEA does not define what a golf course is. Therefore, we must apply the rules of construction delineated in the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991. *Browning–Ferris, Inc. v. Department of Environmental Resources,* 143 Pa.Commonwealth Ct. 251, 598 A.2d 1061 (1991). Our goal is to ascertain and effectuate the intentions of the legislature. *Huffman v. Borough of Millvale,* 139 Pa.Commonwealth Ct. 349, 591 A.2d 1137 (1991). After looking to the rules of statutory construction for guidance, we conclude that the General Assembly did not intend to include miniature golf courses, such as the entity operated by San Van, within the tax limitations on a golf course found in Section 8(10) of the LTEA.

The most basic rule of statutory construction is that the words and phrases of a statute should be construed according to their common and approved usage. 1 Pa.C.S. § 1903(a). The common and accepted use of the term "golf course" has a very different meaning from the term "miniature golf course." The term "golf course" implies that a certain amount of land has been altered and maintained to allow one to play a game of golf on a natural grass playing surface of a considerable distance measured in yards, consisting of natural obstacles such as trees, water hazards, and sand traps. The game one expects to play on a golf course is the game of golf according to the rules devised by the United States Golf Association, as seen on television at professional tournaments such as the "Masters" and the "U.S. Open," and played competitively on an amateur level in high schools,

colleges, universities, and in both public and private clubs throughout the United States.

Reference to a miniature golf course invokes different expectations. One expects to play an extremely simplified version of the game of golf on an artificial, carpeted surface where the distance between holes is only a few feet, using only a putter to maneuver the ball around small, artificial obstacles placed on the course. Proprietors distinguish their entities from golf courses by calling them miniature golf courses, in order to properly represent to the public the difference in the level of play that one can expect at their courses. The public makes a similar distinction between golf courses and miniature golf courses, and this distinction gives those terms their commonly understood meaning.

When the General Assembly limited the rate of admissions or amusement tax imposed on a golf course, it used the term "golf course" to describe the term commonly understood as a place where conventional golf can be played by attempting to strike the golf ball in the air from a designated tee area towards a clearly defined fairway or green. The General Assembly did not intend to include miniature golf courses within Section 8(10)'s tax limitation.

 Moreover, the rules of statutory construction also suggest that when the words of a statute are not explicit, the intention of the General Assembly may be ascertained by considering other statutory provisions which refer to the same or similar subjects. 1 Pa.C.S. § 1921(c)(5); *Department of Transportation, Bureau of Traffic Safety v. Von Altimus*, 49 Pa.Commonwealth Ct. 245, 410 A.2d 1303 (1980). The General Assembly defines the term "golf course" in Section 102 of the Liquor Code 47 P.S. § 1–102,[3] in pertinent part, as "a course having a minimum of nine holes and a total length of at least twenty-five hundred yards." This definition offers guidance that the General Assembly did not intend to include a 150 yard miniature golf course within the definition of golf course in Section 8(10) of the LTEA.

3. Act of April 12, 1951, P.L. 90, *as amended.*

Accordingly, we conclude that Common Pleas erred as a matter of law, when it ruled that the Township's ten percent tax on San Van's miniature golf course violated Section 8(10) of the LTEA.

## II. DID THE TOWNSHIP'S TAX VIOLATE THE UNIFORMITY CLAUSE OF THE PENNSYLVANIA CONSTITUTION?

The School District argues that Common Pleas erred, when it concluded that the ten percent amusement tax on San Van's miniature golf course violated Article 8, Section 1 of the Pennsylvania Constitution. Article 8, Section 1, also known as the uniformity clause, provides: "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

Common Pleas opined that the Township's tax treatment of San Van was unconstitutional, because conventional golf courses and miniature golf courses are in the same class of amusements and must be taxed similarly. Common Pleas ruled that the Township could not tax San Van's miniature golf course, because it does not tax conventional golf courses. We disagree.

A party attacking the constitutionality of properly adopted tax legislation has the burden of proving that the tax legislation "*clearly, palpably, and plainly* violates the constitution." *City of Pittsburgh v. Commonwealth,* 522 Pa. 20, 22, 559. A.2d 513, 514 (1989) (quoting *Commonwealth v. Life Assurance Company of Pennsylvania,* 419 Pa. 370, 377, 214 A.2d 209, 214 (1965), *appeal dismissed,* 384 U.S. 268, 86 S.Ct. 1476, 16 L.Ed.2d 524 (1966)). The test for uniformity "is whether the classification is based upon some legitimate distinction between the classes that provides a non-arbitrary and ' "reasonable and just" ' basis for the difference in treatment." *Leonard v. Thornburgh,* 507 Pa. 317, 321, 489 A.2d 1349, 1352

(1985) (quoting *Aldine Apartments v. Commonwealth,* 493 Pa. 480, 487, 426 A.2d 1118, 1121–22 (1981)).

San Van attempts to meet its burden of proof by pointing out the similarities between miniature golf courses and conventional golf courses. San Van contends that its miniature golf course is merely a scaled down version of a conventional golf course. Conversely, the Township asserts that miniature golf courses differ from conventional golf courses both in terms of the basic activities they offer and the potential for participants to use the activity to attain physical fitness. Essentially, the Township avers that although golf courses are sometimes considered amusements, it does not tax conventional golf courses, because golf is an activity used predominantly for fitness, and the Township wants to promote fitness among its residents. Since miniature golf courses do not provide the same opportunity to develop physical fitness, the Township taxes it as an amusement.

After reviewing the arguments presented, we conclude that San Van did not meet its burden of proving that the Township's distinction between golf courses and miniature golf courses is unreasonable and unconstitutional. While San Van has identified certain similarities between miniature golf courses and conventional golf courses, they are vastly dissimilar facilities which offer empirically different activities. Conventional golf is an athletic pursuit used for recreation, whereas miniature golf is a purer form of diversion which is much more readily recognized as an amusement. It is well established that a township can tax amusements differently and provide its own operative set of definitions for amusements. *Ski Roundtop, Inc. v. Fairfield Area School District,* 111 Pa.Commonwealth Ct. 256, 533 A.2d 828 (1987), *petition for allowance of appeal denied,* 519 Pa. 670, 548 A.2d 258 (1988).

We also disagree with Common Pleas' statement that imposing an amusement tax on San Van's miniature golf course, without doing the same to conventional golf courses in the Township, renders the definition of amusement senseless. The difference between miniature golf courses and convention-

al golf courses is easily apparent and commonly understood. The Township's use of the nine hole, 2,800 yard measure to distinguish conventional golf courses from what it calls special golf courses is not unreasonable.[4] This classification based on the length creates a clear standard and is similar to the General Assembly's definition of a golf course in the Liquor Code. Moreover, the Township's length classification of golf courses is not arbitrary, because it is closely related to its stated interest in promoting physical fitness among its citizens.

Accordingly, we hold that Common Pleas erred, when it ruled that the Township's imposition of an amusement tax on San Van's miniature golf course violated the uniformity clause of the Pennsylvania Constitution. Common Pleas' December 31, 1992 decision and order are reversed.

## *ORDER*

AND NOW, this 15th day of December, 1993, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is reversed.

---

**4.** We note that in concluding that the Township's 2800–yard requirement withstands San Van's uniformity clause challenge, we do not intend to rule on the issue of whether conventional golf courses totaling less than 2800 yards, known as "executive golf courses," or "pitch and putt courses," or "par-three courses," are subject to the Township's ten percent amusement tax. This fact specific issue is not before this Court and is unaffected by our ruling in this matter.