Robert WALKER, Appellant,

v.

Philip C. EHLINGER and The Borough of Doylestown.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 3, 1995.

Decided April 11, 1995.

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Heywood Eric Becker, for appellant.

Charles T. McIlhinney, for appellees.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Robert Walker appeals from the order of the Court of Common Pleas of Bucks County which entered a declaratory judgment in favor of Philip C. Ehlinger and the Borough of Doylestown (collectively, Borough). **We affirm.**

On March 12, 1992, Walker applied for a fence permit from the Borough, which apparently the Borough denied on the basis that the fence Walker wished to construct was actually a "structure" and required a building permit. The following day, Walker filed an action in mandamus, asserting that the Borough was "required to issue the said fence permit" because he had properly applied for and was lawfully entitled to such permit. Thereafter, the parties submitted a written stipulation of facts to the trial court for disposition of the case.

That stipulation set forth the following facts: 1) eight concrete barriers would be placed upon Walker's leasehold for the purpose of preventing vehicular trespass; 2) the barriers are eight to ten feet long, three feet high, one foot thick and weigh two tons each; 3) the barriers are not joined or attached to each other, but are free standing; 4) the barriers neither rest on footings nor are affixed to the ground; and 5) the barriers are movable. The stipulation further provided that the trial court need only determine one matter of law, whether the concrete barriers are "structures" under the Borough's Code of Ordinances.[1] The trial court dismissed the mandamus action, holding that Walker had failed to meet the standard for granting a writ of mandamus.

Walker appealed. However, the parties filed a joint motion requesting the matter be considered under the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541,[2] and thus, we remanded. Following the remand, the trial court issued an order, declaring the concrete

---

1. Section 111.3 of the BOCA National Building Code/1990, was adopted and incorporated into Chapter 5, Part 1, Section 101 of the Code of the Ordinances of the Borough of Doylestown (Code).

2. Under the Declaratory Judgments Act, any person whose rights are affected by an ordinance may have determined any question of construction arising under the ordinance, and obtain a declaration of his rights under it. 11 Standard Pennsylvania Practice 2d § 66:30. However, whether to grant a declaratory judgment is within the sole discretion of the Court. As set forth in *In re Miller's Estate*, 43 Wash.Co. 230 (C.P.Pa.

1963), the guiding prerequisites for declaratory judgment are: 1) that the proceeding is not an optional substitute for statutorily established remedies; 2) that it should not be exercised where a more appropriate remedy is available; 3) that it should not be granted unless compelling and unusual circumstances exist; 4) that it should not be granted where there is a dispute of facts, or such controversy may arise; and 5) that it should not be granted unless there is a clear manifestation that the judgment sought will be practical help in terminating the entire controversy.

barriers which Walker proposed to install constituted a "structure" under the ordinance and thus, required a building permit under the provisions of the Code.

 Before us now,[3] Walker argues that the trial court erred in determining that the concrete barriers were "structures." Walker claims that if this Court adopts the trial court's interpretation of "structure" all outdoor home improvements would require a permit. However, the trial court's interpretation is not so broad and we must disagree with Walker.

In interpreting an ordinance, words and phrases are to be construed according to rules of grammar and according to their common approved usage. 1 Pa.C.S. § 1903(a). Article 2, Section 201.0 (General Definitions) of the Code defines a "structure" as "that which is built or constructed." Black's Law Dictionary 1276 (6th Ed.1990) defines "structure" as:

> "Any construction, or any production or piece of work artificially built up or composed of parts joined together in some definite manner. That which is built or constructed; an edifice or building of any kind. A combination of materials to form a construction for occupancy, use, or ornamentation whether installed on, above, or below the surface of a parcel of land."

Section 107 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10107, defines structure as "any man-made object having an ascertainable stationary location on or in land or water, whether or not affixed to the land."

Walker proposed to place the eight concrete barriers, eight to ten feet in length, three feet high by one foot thick and weighing two tons on his leased property in a line positioned in such a manner that they would create a complete barrier to vehicular trespass. The trial court considered the definitions of "structure" stated in the Code, Black's Law Dictionary and the Pennsylvania Municipalities Planning Code and found that the proposed construction was a "structure,"

which required a permit. Based upon our limited scope of review, we hold that the trial court did not err in holding that the concrete barriers such as Walker wished to place on his property were "structures" and required a permit.

Accordingly, we affirm.

### *ORDER*

AND NOW, this 11th day of April, 1995, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.

NEWMAN, J., did not participate in the decision in this case.

KELLEY, Judge, dissenting.

I respectfully dissent. I believe that the decision of the trial court which concluded that a series of concrete blocks is a "structure" should be reversed. Contrary to the conclusion reached by the majority, I believe that an individual, non-permanent concrete block is not a "structure."

The BOCA National Building Code/1990 has been adopted as the Building Code of the Borough of Doylestown (Code), with certain exceptions which are not relevant here. Section 201.0 of the Code states that a structure is "[t]hat which is built or constructed." Furthermore, Black's Law Dictionary 1276 (6th Ed.1990) states that a "structure" is "an edifice or building of any kind." These definitions give rise to the conclusion that a "structure" is a permanent improvement on land.

In this particular case, nothing is being built or constructed on Walker's property such as a dwelling or a commercial establishment. Quite to the contrary, the parties have stipulated that the concrete blocks are not joined or attached to each other in any way. Rather, the concrete blocks are freestanding, are not affixed to the ground and do not rest on footings. The parties have

---

**3.** Our scope of review in a declaratory judgment action is limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed or whether the trial court abused its discretion. *San Van, Inc. v. School District of Derry Township,* 160 Pa.Commonwealth Ct. 483, 635 A.2d 254 (1993).

also stipulated that the concrete blocks are movable. As such, they cannot be considered a "structure" on Walker's land.

I recognize the majority's concern that these concrete pieces are large and will seemingly present an immovable mass blocking vehicular trespass once they are in place. However, the same could be said of a large hedge which I would certainly not consider to be a "structure." The ramifications of the majority's conclusion are very troubling. If the concrete blocks are considered to be a new "structure" upon Walker's land, they can be assessed as an improvement to his property.

Therefore, I believe that the majority erred in holding that the concrete blocks constituted a "structure" whose placement required a building permit. Accordingly, the trial court's order should be reversed.