**SMITH AND McMASTER,
P.C., Appellant,**

v.

**NEWTOWN BOROUGH.**

Commonwealth Court of Pennsylvania.

Argued Oct. 18, 1995.

Decided Dec. 22, 1995.

---

Michael T. Sellers, for appellant.

D. Keith Brown, for appellee.

Before COLINS, President Judge, and DOYLE, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

KELLEY, Judge.

This appeal arises from a dispute concerning the validity of a business privilege tax imposed by the Newtown Borough (borough), Bucks County, Pennsylvania. Presently before us for review is a decision of the Court of Common Pleas of Bucks County (trial court) granting the borough's motion for judgment on the pleadings. We affirm.

Pursuant to the Local Tax Enabling Act,[1] on November 21, 1990, the borough enacted Ordinance No. 475 (or ordinance), which established a business privilege tax.[2] Prior to the enactment of Ordinance 475, the borough did not have any tax similar to the business privilege tax. In pertinent part, Ordinance 475 provided: § 139–48. Amount; time of payment.

A.  Every person engaging in a business, trade, occupation or profession in the borough who maintains a place of business therein shall pay an annual business privilege tax for the tax year beginning January 1, 1991, and each year thereafter, in the sum of one hundred dollars ($100.00).

B.  Whenever a business is begun during the taxable year, upon registering as required by § 139–47, the person shall pay a tax proportional to the period remaining in the taxable year.

---

1. Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §§ 6901—6924.

2. This ordinance was repealed on December 14, 1993 by Ordinance 515.

C. Said tax shall be paid to the Collector within thirty (30) days from the date the same shall become due.

Borough of Newtown Ordinance No. 475, Business Privilege Tax Ordinance of 1990, Article IV, Chapter 139, Section 48, Reproduced Record (R.) at 6a, 8a, Exhibit B.

On August 6, 1991, Smith and McMaster, P.C. filed with the trial court a complaint against the borough, on behalf of "persons or entities subject to or having paid the [borough's] Business Privilege Tax since January 1, 1991."[3] The complaint alleged that the business privilege tax was invalid under section 533(a) of the Local Tax Reform Act.[4] Smith and McMaster sought declaratory and injunctive relief, as well as monetary damages.

The borough responded to the complaint by filing preliminary objections relating to subject matter jurisdiction, based on an alleged violation of a statute of limitations, and counsel fees. The trial court sustained the preliminary objections and dismissed Smith and McMaster's complaint.

On appeal, this court reversed the trial court's decision, holding that the trial court had erred in concluding that section 6 of the Local Tax Enabling Act[5] constituted a statute of limitations for purposes of declaratory judgment. See Smith and McMaster, P.C. v. Newtown Borough, 149 Pa.Cmwlth. 356, 613 A.2d 129 (1992). Accordingly, the case was remanded to the trial court for further proceedings. Id. The borough then filed an answer to the complaint with new matter. Smith and McMaster filed a reply to the new matter.

By order of September 7, 1993, the trial court certified the matter as a class action and certified Smith and McMaster as the class representative. Prospective class members were notified and permitted to opt out of the class by filing a notice with the trial court by December 1, 1993.[6]

The borough subsequently filed a motion for judgment on the pleadings. The parties agreed that there was no factual dispute. Therefore, the trial considered only the legal issue of whether the borough's business privilege tax violated section 533(a) of the Local Tax Reform Act.

Reasoning that the business privilege tax was not based on gross receipts, the trial court found no violation of section 533(a) of the Local Tax Reform Act. Accordingly, the trial court granted the borough's motion for judgment on the pleadings. This appeal followed.

On appeal to this court, appellants present two issues for our review. First, does Ordinance 475 impose a business privilege tax on gross receipts or part thereof as proscribed by section 533(a) of the Local Tax Reform Act? Second, is the borough's business privilege tax an illegal licensing fee used as a revenue-raising device?

In an appeal from a decision granting judgment on the pleadings, our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. Simon v. Commonwealth, 659 A.2d 631 (Pa.Cmwlth.1995). A motion for judgment on the pleadings may be granted only in cases where no material facts are at issue and the law is so clear that a trial would be a fruitless exercise. Faust v. Commonwealth, 140 Pa.Cmwlth. 389, 592 A.2d 835 (1991), petition for allowance of appeal denied, 530 Pa. 647, 607 A.2d 257 (1992). In reviewing the pleadings, the court must view all well-pled facts of the non-

---

3. The parties have stipulated that more than 220 persons or entities have paid or received bills for the borough's Business Privilege Tax. Stipulation of Facts, R. at 17a.

4. Act of December 13, 1988, P.L. 1121, 72 P.S. § 4750.533. Section 533(a) provides for the abolition of mercantile or business privilege taxes on gross receipts or part thereof after November 30, 1988. We note that a considerable portion of the Local Tax Reform Act was scheduled to take effect only after the adoption of a proposed con-

stitutional amendment. Although the proposed amendment was ultimately rejected by the electorate, we have held in Burrell School District v. Lower Burrell, 147 Pa.Cmwlth. 471, 608 A.2d 605 (1992), that section 533(a) of the Local Tax Reform Act is effective.

5. 53 P.S. § 6906.

6. Hereinafter, the class representatives and all other members of the class will be referred to collectively as appellants.

moving party as true. *Beardell v. Western Wayne School District,* 91 Pa.Cmwlth. 348, 496 A.2d 1373 (1985).

Before discussing the issues, we note that the tax imposed by Ordinance 475 affects both merchants and service providers. Therefore, although referred to as a business privilege tax, the tax is really both a mercantile tax and a business privilege tax. *See Carpenter and Carpenter v. Johnstown,* 146 Pa.Cmwlth. 274, 605 A.2d 456, 457, *petition for allowance of appeal denied,* 531 Pa. 661, 613 A.2d 1210 (1992).

■ Appellants first argue that the trial court erred in concluding that Ordinance 475 does not violate section 533(a) of the Local Tax Reform Act, 72 P.S. § 4750.533(a). Section 533(a) of the Local Tax Reform Acts states:

> After November 30, 1988, and notwithstanding any other provision of this act except for subsection (b), no political subdivision may levy, assess or collect or provide for the levying, assessment or collection of a mercantile or business privilege tax on gross receipts or part thereof.

Appellants contend that although the borough's business privilege tax is expressed as a flat-rate tax, it is, in effect, a tax on gross receipts or part thereof. Accordingly, appellants assert that the borough's business privilege tax, which was enacted after November 30, 1988, is prohibited by the Local Tax Reform Act. In support of their argument that the contested tax is really a tax on gross receipts or part thereof, appellants point out that section 139–44(B) of Ordinance 475 specifically exempts "employees, agencies of the government of the United States or the commonwealth of Pennsylvania, or nonprofit corporations or associations...." [7] Appellants further note that a "service" is defined in section 139–44(A) of the Ordinance as "any act or instance of helping or benefiting another *for a consideration.*" [8]

Appellants contend that these provisions of the ordinance illustrate that the only persons or entities subject to the borough's business privilege tax are those merchants or services making a profit. For this reason, appellants maintain that the borough's business privilege tax is really a tax on gross receipts or part thereof. Appellants, therefore, believe that the borough has circumvented the statutory prohibition on the taxing of gross receipts by expressing its tax as a flat-rate tax.

■ Appellants reason that the business privilege tax must be paid from gross receipts or part thereof because the merchant or service would not have other funds for payment of the tax. Appellants opine that our resolution of the present dispute must be governed by the source from which the tax is paid, rather than by the manner in which the tax is set. We disagree.

First, we note that appellants have cited no legal authority in support of the proposition that a court's determination as to the validity of a tax should be based on the source from which the tax is paid. Instead, appellants attempt to convince the court of the evils that could take place if the borough's interpretation of section 533(a) of the Local Tax Reform Act is adopted.

Specifically, appellants contend that the borough's business privilege tax will violate section 8(2) of the Local Tax Enabling Act,[9] which imposes limitations on the rates of specific taxes. In pertinent part, section 8(2) provides that:

> On each dollar of the whole volume of business transacted by wholesale dealers in goods, wares and merchandise, one mill, by retail dealers in goods, wares, and merchandise and by proprietors of restaurants or other places where food, drink and refreshment are served, one and one-half mills....

Appellants argue that because $100 would be more than 1.5 mills of any sum less than $66,666.66, Ordinance 475 could not be legally applied to merchants or services whose

---

7. Ordinance No. 475, Article IV, Section 139–44(B), R., Exhibit A at 2.

8. Ordinance No. 475, Article IV, section 139–44(A), R., Exhibit A at 2 (emphasis added).

9. 53 P.S. § 6908(2).

transactions yield less than $66,666.66. We find this argument to be unpersuasive.

■ Appellants have failed to plead any fact that would support the conclusion that the borough's business privilege tax would result in a violation of section 8(2) of the Local Tax Enabling Act. It is well settled that in passing upon a motion for judgment on the pleadings, a court may consider only the pleadings themselves and any documents properly attached thereto. *Simon.* As such, appellants' bare and unsupported assertion does not suffice as a basis for invalidating the borough's ordinance.

Furthermore, the plain language of section 533(a) of the Local Tax Reform Act supports the conclusion that the borough's ordinance is valid. Where the language of a statute is clear, words and phrases contained in the statute must be construed in accordance with their common and accepted usage. 1 Pa.C.S. § 1903(a); *San Van, Inc. v. School District of Derry Township,* 160 Pa.Cmwlth. 483, 635 A.2d 254 (1993), *petition for allowance of appeal denied,* 537 Pa. 655, 644 A.2d 740 (1994). In pertinent part, section 533(a) of the Local Tax Reform Act states that "no political subdivision may levy, assess or collect or provide for the levying, assessment or collection of a mercantile or business privilege tax *on gross receipts or part thereof.*" 72 P.S. § 4750.533(a) (emphasis added).

Based on the plain language of section 533(a), the trial court determined that Ordinance 475 was not within the purview of section 533(a) of the Local Tax Reform Act, as the borough's business privilege tax was not dependant on or calculated with respect to the gross receipts of a service or entity. As noted by the trial court, this interpretation of section 533(a) of the Local Tax Reform Act is consistent with our resolution of a similar issue in *Penn Traffic Co. v. City of Dubois,* 156 Pa.Cmwlth. 107, 626 A.2d 1257, *petition for allowance of appeal denied,* 536 Pa. 634, 637 A.2d 294 (1993).

In *Penn Traffic Co.,* we recognized that a fee that was not based on the gross receipts of the affected businesses "was not a business privilege or mercantile tax within the meaning of section 533(a) of the [Local Tax Reform] Act." *Penn Traffic Co.,* 626 A.2d at

1259–60 n. 1. Specifically, we stated that section 533 of the Local Tax Reform Act "applies *only to taxes on the 'gross receipts or part thereof'*". *Id.* 626 A.2d at 1260 n. 1 (emphasis added).

Appellants maintain that even a flat-rate tax can constitute a tax on an entity's gross receipts or part thereof. They suggest that it is for this reason that the General Assembly included the phrase "or part thereof" in section 533(a) of the Local Tax Reform Act. Moreover, appellants argue that the present case is distinguishable from *Penn Traffic Co.* because here, the tax at issue applies only to merchants or services making a profit.

However, appellants have failed to cite any authority to support their argument that the General Assembly's use of the phrase "or part thereof" in section 533(a) of the Local Tax Reform Act was intended to shield taxpayers from any tax, percentage or flat-rate tax, that might require the expenditure of monies from gross receipts.

Moreover, we believe that the principle of statutory construction of *expressio unius est exclusio alterius* (the express mention of one thing in a statute implies the exclusion of others not expressed) is applicable here. *See Henrich v. Harleysville Insurance Companies,* 533 Pa. 181, 620 A.2d 1122 (1993). The General Assembly expressly mentioned a prohibition on taxes *on* gross receipts or part thereof, but did not mention that any other taxes would be prohibited by section 533(a) of the Local Tax Reform Act. Accordingly, we will not adopt appellants' interpretation of section 533(a).

Furthermore, we disagree that the factual distinction in *Penn Traffic Co.* precludes its application to the present case. It is clear that the trial court relied on this court's decision in *Penn Traffic Co.* solely for the proposition that section 533(a) of the Local Tax Reform Act is inapplicable to fees not based upon gross receipts or part thereof. *See Penn Traffic Co.,* 626 A.2d at 1260 n. 1. As such, the trial court's decision in the matter before us is consistent with our holding in *Penn Traffic Co.*

Next, based on a misinterpretation of the borough's argument to the trial court, appellants argue that if the borough's business privilege tax is really a license fee, it is an illegal license fee.[10] This argument is without merit.

In order to establish that its business privilege tax was not a tax on gross receipts or part thereof, the borough asserted before the trial court that its tax was a flat-rate tax, *akin to* a license fee. The trial court's opinion contains a similar analogy. It appears, however, that appellants misinterpreted this comparison as an alternative argument that the $100 business privilege tax could be upheld as a valid licensing fee.

A review of the record reveals that the borough and trial court were merely explaining that the tax was applied equally to the affected businesses and services, in the same manner as a licensing fee. Moreover, on appeal herein, the borough does not argue that its business privilege tax is really a license fee. In fact, the borough agrees with appellants' description of the tax as both a business privilege and mercantile tax. This argument, therefore, does not require further consideration.

Accordingly, we affirm.

## ORDER

NOW, this 22nd day of December, 1995, the order of the Court of Common Pleas of Bucks County, dated March 3, 1995, at No. 91–7670–14–1, is affirmed.

DOYLE, J., concurs in the result only.

---

**10.** In *White v. Medical Professional Liability Catastrophe Loss Fund,* 131 Pa.Cmwlth. 567, 571 A.2d 9, 11 (1990), this court considered the difference between taxes and license fees. There, we stated:

> The common distinction is that taxes are revenue-producing measures authorized under the taxing power of government; while license fees are regulatory measures intended to cover the cost of administering a regulatory scheme authorized under the police power of government.